ALEXANDER E. HAMILTON *vs.* GEORGE A. DENNISON.

New Haven Co., Dec. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The plaintiff occupied certain premises as tenant-at-will of the owner, under a parol lease. There was attached to the premises a right of way between a house thereon and the street, over an intervening lot, which had been granted many years before in the deed of the premises by the then owner of both, the terms of which were as follows:—"With the right to use the passway on the easterly side of the grantor's house in passing and repassing from the grantee's house to the highway." In a suit by the plaintiff against the owner of the servient estate for obstructing the passway, it was held—

1. That although the right to the passway was an incorporeal right, yet as the plaintiff was in possession of it he could maintain a suit for an obstruction of it by a wrong-doer.

2. That evidence was admissible on the part of the plaintiff to show how the passway had been used from the time of the grant by the owners and occupants of the dominant estate with the acquiescence of the owners and occupants of the servient estate, for the purpose of showing the construction which the parties themselves had put upon the indefinite terms of the grant.

[Argued December 9th, 1887—decided January 13th, 1888.]

ACTION for obstructing a passway which the plaintiff claimed the right to use; brought to the Court of Common Pleas in New Haven County and tried to the court, upon a general denial, before *Studley, J.* The following facts were found by the court.*

On March 10th, 1834, Thomas Smith, who then owned a tract of land in New Haven which included the premises described in the complaint and now occupied by the plaintiff, and the premises of the defendant, including the passway mentioned in the complaint, conveyed by deed of that date the premises now occupied by the plaintiff, with a right to use the passway on the easterly side of the grantor's house, to one Zebina Allen. The grant of the right of way in the deed was in the following terms:—"With the right or privilege to use the passway on the easterly side of my house in passing and repassing from his house to the highway." Smith then occupied the house now occupied by the defendant. About the time the deed was executed a wing of or an addition to the house, was moved back to the land now occupied by the plaintiff to be converted into a dwelling house, and to afford the occupants thereof a means of access thereto Smith established the passway mentioned. Smith's house and land fronted on Exchange street, and the land retained by him extended back from the street about sixty-seven feet, and the land conveyed by him to Allen was immediately in the rear of the land retained by him. There was, and is, no means of access to the premises conveyed to Allen except this passway. The passway, as at that time established, was sixteen feet wide at its Exchange street entrance and thirteen feet wide where it meets the premises conveyed to Allen. The eastern line of the passway was the dividing line between Smith's land and the property on the east side thereof, as the fences stood, and the western line was a stone wall extending from the land conveyed to Allen to a point a few

---

* *Note.* The action was against George A. Dennison and his wife. As judgment was rendered in favor of the wife and no question arises with regard to her, no notice is taken of her in the report of the case.

inches east of the northeast corner of Smith's house, and thence along the line of the east side of the house to the street. The fence on the east side of the passway, and the east face of the stone wall and the east side of the house, on the west side thereof, have never been moved, and all the lines of the passway have remained as established by Smith.

Allen fitted up the building removed to the land conveyed to him and occupied the premises as a homestead. He and his family, and their friends and visitors, and all persons having business at his house, either on foot or with teams, used any part and all of the passway, without any obstructions of any kind, as a means of access to the premises. The passway has ever since been used in the same manner under the different owners and occupants of the premises, until the obstructions hereinafter described were erected.

The plaintiff during twenty years last past has been, and now is, the lessee and occupant of the premises described in the complaint under a parol lease from Lucius Maltby, the present owner thereof, upon the payment of a monthly rent, but without any agreement as to the duration of his occupancy.

The title to the premises now owned and occupied by the defendant and his wife (which are the same premises which were retained by Smith when he conveyed to Allen), was acquired on April 14th, 1884, they having occupied the premises as tenants during about five years prior thereto.

About the year 1845 the then owner of the defendant's premises erected two gates at the Exchange street entrance of the passway, one being a small gate, about two feet from the west line of the passway, for the use of pedestrians, and the other a large gate, about ten feet long, on the east side of the entrance, for the use of teams and animals. About ten years ago the large gate, which had seldom been closed, having rotted down, was replaced by a new one of the same dimensions by the then owner of the defendant's premises. About thirteen years ago the then owner of the defendant's

premises laid a concrete walk three and one half feet wide on the west side of the passway, from the small gate to a point a few feet back of the rear line of the defendant's house, the walk being about two feet from the west line of the passway. The walk was elevated a little above the surface of the passway.

There is a gravel walk extending from the end of the concrete walk, and in the same line therewith, to the premises occupied by the plaintiff. Some of the different owners and occupants of the house now owned by the defendant since Smith owned and occupied it, have temporarily and in a reasonable manner deposited wood, ashes, boxes and barrels on the east side of the passway, but not in such a manner as to obstruct it, until the acts hereinafter mentioned.

In 1885 the defendant procured the construction of and has since maintained a coal box, eight feet long and three and one half feet wide and high, on the east side of the passway and adjoining the coal and wood house on the north side thereof. The wood and coal house was placed on the east side of the passway by a tenant about ten years ago but has since been maintained by the defendant. It extends into the passway three and one half feet. An ash box has also been maintained by the defendant, which extends two and one half feet into the passway.

At the time when this suit was brought the defendant and his tenants had accumulated a heap of ashes upon the passway about six feet high, seven feet long, and extending into the passway seven feet.

About September 1st, 1885, the defendant put up two signs, six feet from the ground and each extending into the passway. Each had conspicuously upon it the words "All persons forbidden trespassing on these premises." One of the signs faced Exchange street and the other the premises occupied by the plaintiff. He maintained these signs until this suit was brought, except that he removed them during one afternoon to allow a funeral procession to go through the passway.

The large gate, which swings inward, drags upon the

ground and is difficult to open, but is in the same condition that it was when the defendant bought the premises. Many friends of, and people having business with, the plaintiff and his family, are deterred from going through the passway by the words on the sign. The distance between the signs and the ground is not sufficient to admit persons, horses and top-wagons to pass underneath the signs.

The court found that the ash heap, the ash box, the coal box, the coal and wood house, and the signs, by reason of their position in the passway and by reason of the words thereon, and the large gate by reason of its dragging and being difficult to open, were each of them an obstruction to the passway; but that the defendant was not liable in damages for erecting or maintaining the ash box, the coal and wood house and the large gate, because they were maintained by the defendant in the same condition that they were when he came into possession and no demand had been made that he should remove them.

The court ruled that the defendant was liable in damages for erecting and maintaining the coal box, the ash heap and the signs, and assessed the damages as follows:—For erecting and maintaining the coal box, $2.50; the ash heap, $2.50; and the signs by reason of their position in the passway, $2.50; and by reason of the words upon them, $2.50.

The plaintiff, in the course of the trial, introduced several witnesses to testify as to the use of the passway by himself and other occupants of his premises, and by other persons going from the street to his premises or from the latter to the street, on foot or with teams, from the time of the original grant, for the purpose of showing the extent of the passway as thus used and its freedom from obstructions. The defendant objected to all this testimony on the ground that the right of way was given by deed, and that its extent could be determined only by the deed itself, and that all parol evidence on the subject was inadmissible. The court overruled the objection and admitted the evidence.

The defendant also claimed that the plaintiff had no such title or interest in the passway as would enable him to main-

tain this action, and that unless he had a written assignment
or grant of the passway he could not maintain the action.

The court overruled this claim and rendered judgment for
the plaintiff. The defendant appealed.

*C. S. Hamilton*, with whom was *J. C. Cable*, for the appellant.

1. The plaintiff's right, if any, is that given by the deed
of Smith to Allen. In that deed the passway is thus described :—" With a right or privilege to use the passway on
the easterly side of my house, in passing and re-passing from
his house to the highway." This somewhat inartificial language clearly means no more and no less than simply the use
of *a* passway over the servient tenement, between the street
and the house then about to be put on the dominant tenement, somewhere on the east side of the grantor's house.
If the person entitled to such passway is allowed to enjoy
this, he is not entitled to enjoy any more, and cannot complain if the servient owner uses his premises for any purposes he pleases. " If a right of way has been granted by
deed, the extent of the right must be determined by the
words of the deed." Goddard on Easements, 314 ; *Brossart* v. *Corlett*, 27 Iowa, 288, 297. It was a dwelling-house,
to and from which the passing was to be, and the passing
was to be by the front of another dwelling-house, and the
dominant owner *was not granted any definite number of feet.*
Hence it follows, as an inevitable conclusion, that the only
thing intended to be granted was the mere privilege of passing and re-passing on foot and with such vehicles as are ordinarily used in coming to and from a dwelling-house ; and
the dominant owner is entitled to nothing more than this
mere privilege of passing and re-passing, and as long as he
can do that *somewhere* on the easterly side of the defendant's house, he has all that the grant calls for. " As long as
the owner of the right of way is not prevented from enjoying his easement, he has no right to prevent the land owner
doing anything he pleases with the soil." Goddard on Easements, 73, 321 ; *Perley* v. *Chandler*, 6 Mass., 454, 456 ;

*Adams* v. *Emerson*, 6 Pick., 57 ; *Vestry of St. Mary's* v. *Jacobs*, L. R. 7 Q. B., 47, 53. The finding is absolutely barren of any fact which shows that the plaintiff cannot still pass and re-pass on the easterly side of the defendant's house with the claimed obstructions remaining as they are, and until this fact be found no case is made out. The signs were not an obstruction, or if, in the opinion of the court, they were too low and projected too far, the defendant should have been punished for that alone, and not for the wording thereon.

2. The evidence as to the use of the passway by the plaintiff and others in going to and from the plaintiff's premises was inadmissible. The location and width of the way was a matter to be settled by the deed alone, and no definite location or width being given by the deed, all that the plaintiff was entitled to was a simple right of way. This could not be enlarged by mere user. An easement cannot rest in part upon grant and in part upon prescription ; for as long as the dominant owner is acting under the grant, the servient owner has no means of preventing the user of the easement, and he is bound to assume that the user is lawful and under the grant; and hence while permitting, as he is bound to, the user under the grant, he cannot be prescribed against on account of permitting the user without interruption. Goddard on Easements, 155, 160 ; 2 Washb. R. Prop., 4th ed., 333 (*51). Hence, it follows that if this evidence of how the way was used *post concessionem*, was admitted for the purpose of showing how great a way was granted, it was clearly an attempt to explain the deed by parol evidence; for the deed simply grants " a right or privilege to use the passway," and the law, by interpretation of the words of the grant itself, defines how broad a passway the dominant owner took by this grant ; and if the court by aid of this *post concessionem* verbal evidence, came to the conclusion that the dominant owner had a broader passway than the court would have conceded to him without the parol evidence, then the parol evidence worked prejudicially to the defendant, and had an effect the law

does not permit. If, on the other hand, the evidence was let in, not to control the grant, but, to prove the fact that the dominant owner had in fact enjoyed the grant, then such evidence was irrelevant and immaterial. On either ground it ought to have been excluded. Goddard on Easements, 275, 314; *Comstock* v. *Van Deusen*, 5 Pick., 163, 166; *Miller* v. *Washburn*, 117 Mass., 371, 375. "If the way granted is not *specifically defined*, but only 'a right of way' is given, the way in point of width need be only such as is reasonably necessary and convenient for the purpose for which it was granted; and therefore, although a broad way had been used by the grantee, yet the grantor might subsequently narrow it, or build upon it, so long as he left a way remaining of sufficient width and convenience for the grantee's legitimate use." Goddard on Easements, 333.

3. It was error in the court to hold that the plaintiff could maintain the action. The right of way was an incorporeal right of which there could be no physical possession. The plaintiff can rest only on a title, and he has none. He is only a tenant-at-will. It is elementary law, to support which needs no citation of authority, that a way is an easement and not a license, and an easement is defined to be "a privilege without profit, which the owner of one tenement has a right to enjoy in respect to that tenement in or over the tenement of another person, by reason whereof the latter is obliged to suffer or refrain from doing something on his own tenement for the advantage of the former." Goddard on Easements, 2. It is clearly an "interest in or concerning" real estate, and can neither be created nor assigned except by writing. Goddard on Easements, 283; 3 Washb. R. Prop., 4th ed., 341 (*598); *Fuhr* v. *Dean*, 26 Misso., 116, 119; *Stevens* v. *Dennett*, 51 N. Hamp., 324, 331; *Fentiman* v. *Smith*, 4 East, 107, 109; *Hewlins* v. *Shippam*, 5 Barn. & Cress., 221, 229; *Wood* v. *Leadbitter*, 13 Mees. & Wels., 838; *Cocker* v. *Cowper*, 1 Cromp. Mees., & R., 418, 420.

*R. S. Pickett*, for the appellee.

Hamilton v. Dennison.

·1. ·The finding of the court that the alleged obstructions were such, and were wrongfully placed upon the way, was in full accord with well settled law. Addison on Torts, § 194; *Richardson* v. *Pond*, 15 Gray, 387, 389; *Welch* v. *Wilcox*, 101 Mass., 162, *Williams* v. *Safford*, 7 Barb., 309; *Schnable* v. *Koehler*, 28 Penn. St., 183.

2. There was no error in the ruling of the court that the plaintiff could maintain the action, although he occupied as tenant-at-will under a parol lease. This ruling was in harmony with the established law of this state as to the right of the party in possession to· bring an action of trespass, to which this action is analogous, although the injury was to an incorporeal right. Washb. on Easements, 740; 1 Swift's Dig., 513; *Mallet* v. *White*, 52 Conn., 50; *Foley* v. *Wyeth*, 2 Allen, 135.

. 3. The evidence as to the use of the passway from the time of the grant was admissible, for the purpose of ascertaining the understanding and intent of the parties to the grant and the meaning of its language. Washb. on Easements, 254, 264; 1 Greenl. Ev., § 288; 2 id., § 659 *a; Salisbury* v. *Andrews*, 19 Pick., 250, 253; *Atkins* v. *Bordman*, 2 Met., 463, 467; *Bannon* v. *Angier*, 2 Allen, 129; *Chester Emery Co.* v. *Lucas*, 112 Mass., 424, 434; *George* v. *Cox*, 114 id., 382, 387; *French* v. *Hayes*, 43 N. Hamp., 30, 32; *Garland* v. *Furber*, 47 id., 301, 304; *Bradley* v. *Steam Packet Co.*, 13 Pet., 89.

PARK, C. J. This action was brought to recover damages for obstructing a passway, which the plaintiff claimed the right to use free from all obstructions.

The right of way was granted in the year 1834 by a deed conveying certain premises to one Allen, the grant being in these words:—" With a right or privilege to use the passway on the easterly side of my house in passing and re-passing from his house to the highway."

The premises conveyed, together with the right of way, came by regular conveyances to the lessor of the plaintiff, and the latter has occupied them as tenant-at-will for the

last twenty years, and was so occupying them when this suit was brought.

The servient estate came from the grantor of the dominant estate, incumbered with the right of way, by successive conveyances to the defendant and his wife.

The court finds that the defendant, in the year 1885, placed a coal box, eight feet long, and three and a half feet wide and high, in the passway over which the plaintiff claims the right of way. He also suffered a heap of ashes to accumulate in the passway, which was six feet high, and extended several feet into the way. He also put up two sign boards six feet from the ground, that extended twenty inches over the way. Each had conspicuously upon it the words, "All persons forbidden trespassing on these premises." This warning deterred many persons, having business with the plaintiff, from passing over the way to transact it.

These incumbrances, the court finds, obstructed the plaintiff's use of the way, and rendered the defendant liable in damages.

The defendant claims that the plaintiff, being only a tenant-at-will of the premises, under a parol lease, had not sufficient interest in the way to enable him to maintain this suit. We think this claim is unfounded. The plaintiff was in possession of the premises, and in possession of the way, and this was sufficient to enable him to maintain a suit against a wrong doer, who disturbed his possession.

The plaintiff offered the evidence of a large number of witnesses, whose testimony was objected to by the defendant, but admitted by the court, tending to show how the way had been used by the owners and occupants of the dominant estate from the origin of the way, which use had, during all the time, been acquiesced in by the owners and occupants of the servient estate until recently, thereby showing the practical construction which the parties interested in both estates had placed upon the terms of the grant. We think the court committed no error in admitting the evidence.

We express no opinion whether the words written or printed upon the sign boards constituted an obstruction to the way, as that question is not among the errors assigned.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.