JOSEPH SIMMONS *v.* BEULAH M. ADDIS

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 7—decided December 21, 1954

*Harry H. Lugg,* for the appellant (plaintiff).

*Valentino D. Clementino,* for the appellee (defendant).

WYNNE, J. This is an action to quiet title to, and to recover possession of, a strip of land lying along the boundary between the properties of the parties in the town of Manchester. The action really concerns a

boundary line dispute. In a subordinate aspect, it has to do with whether or not the parties had composed their dispute by entering into a binding accord in final settlement of their controversy. The plaintiff in his brief reduces the issues to such a compass. The trial court rendered judgment for the defendant, and the plaintiff has appealed.

The facts are as follows: Louise C. England, the predecessor in title of both parties, purchased a tract of land with 400 feet frontage, more or less, on the east side of Vernon Street, in Manchester, from Addie L. Geiser on May 9, 1938. Mrs. Geiser had acquired it on May 14, 1881, as her distributive share of the estate of her father, Salmon Millard. On May 27, 1938, Mrs. England conveyed a portion of it to the plaintiff. The deed described it as being bounded on the north by land of the grantor, east and south by land of Primo Ansaldi, and west by Vernon Street. The deed also stated that it was the southerly half of the parcel conveyed by Mrs. Geiser to Mrs. England. On the day of the purchase, Ansaldi pointed out to the plaintiff the northerly boundary of his, Ansaldi's, property, which was also the plaintiff's southerly boundary. The plaintiff, to mark his southwest corner, drove an iron pipe on the line indicated. He then employed a surveyor and with his aid marked the northwest corner. The plaintiff went into possession of this land and claimed only the land between the two marked corners. On October 20, 1943, Mrs. England conveyed a portion of the northerly half of the land which she had acquired from Mrs. Geiser to James V. and Margaret Anderson. The deed to the Andersons indicated that the southwesterly corner of the parcel conveyed was located at the northwesterly corner of the plaintiff's land.

It described the property conveyed as having a frontage of 100 feet on Vernon Street and as being bounded on the north by the remaining land of the grantor, on the east by Ansaldi and on the south by the plaintiff's land. The Anderson parcel, through several conveyances, came to the defendant, who built a house upon it. An iron pipe, marking the northwest corner of the plaintiff's lot and the southwest corner of the Anderson lot, stood at the halfway point of the Vernon Street frontage of the original England parcel. In 1942, the plaintiff erected a fence along his northerly boundary, beginning at the location of the iron pipe. He did not claim any land north of the line running east from the iron pipe until he instituted this action in 1948.

The plaintiff now claims that the northwest corner of his land is 32.1 feet farther north than the point marked by the iron pipe. The land in dispute is in the shape of a triangle whose base is this 32.1 feet on Vernon Street and whose apex is at the point where the eastern boundaries of the two properties join. The plaintiff thus claims title to a substantial parcel of land now occupied by the defendant and situated north of the line running east from the iron pipe. He seeks extensive corrections in the finding. Even if it be conceded that some of the facts he would add to the finding are admitted or undisputed, they avail him nothing. These facts are to the effect that the plaintiff caused a survey to be made which located the northwest corner of his land 32.1 feet farther north than he had always supposed it to be. The crux of the case, as the plaintiff concedes, is whether there should be incorporated in the finding two paragraphs which contain the conclusions reached by a surveyor employed by the plaintiff

and upon which the whole relocation of the northwest corner of the plaintiff's property is predicated. The case turns upon which of two conflicting lines of testimony concerning the location of the boundary line the trial court would accept.

The burden of establishing the location of the boundary line where he claimed it to be was upon the plaintiff. *Texas Co.* v. *Slosberg,* 112 Conn. 357, 358, 152 A. 152; *Dorrance* v. *Raynsford,* 67 Conn. 1, 6, 34 A. 706. It was within the province of the court to accept the testimony which appeared to it more trustworthy and reliable, and its conclusion that the plaintiff failed to sustain his burden of proof cannot be disturbed. Inasmuch as there was no error in the conclusion of the court that the plaintiff failed to prove that he had title to the piece of land in dispute, it is not necessary for us to consider its further conclusion, assigned as error, that a settlement of the dispute arrived at by the parties at an earlier trial constituted an accord and satisfaction.

The plaintiff has assigned error in a ruling allowing the defendant to question a witness named Helstrom as to a conversation the witness had had with Bert Millard. Millard had been the owner of property located north of the entire tract owned by Mrs. England and had died before the trial of the present case. So far as the record discloses, Helstrom's answer to the inquiry could not have been harmful to the plaintiff's case. If the admission of the testimony was erroneous, it was not prejudicial.

There is no error.

In this opinion the other judges concurred.