John Henry *v.* Loren E. Bacon et al.

Baldwin, O'Sullivan, Wynne, Daly and Comley, Js.

Argued June 13—decided July 24, 1956

*Robert Y. Pelgrift,* for the appellants (defendants).

*Donald R. Hirsch,* with whom were *A. Arthur Giddon* and, on the brief, *Morton E. Cole* and *Cyril Cole,* for the appellee (plaintiff).

DALY, J. This action was brought against Loren E. and Sophie A. Bacon, husband and wife. The plaintiff sought recovery for personal injuries alleged to have been sustained as the result of their negligence. The defendants' motion for a directed verdict was denied. The jury returned a verdict for the plaintiff. From the judgment rendered thereon the defendants have appealed, claiming that the court erred in denying their motion for judgment notwithstanding the verdict and their motion to set aside the verdict.

Upon the evidence, taken in the light most favorable to the plaintiff, the jury reasonably could have found the following facts: In September, 1944, the defendants purchased a house on Tower Avenue in Hartford and occupied it in October. The defendant

Loren E. Bacon was the plaintiff's foreman on the night shift in a factory where they worked. About a week before December 2, 1944, the plaintiff, who had had some experience with shrubs and plants, went to the defendants' property. While he was there, he noticed that an apple tree on the property had a very dense top on it, and he told Bacon that he thought the tree needed pruning, which would require picking out the interfering limbs and sawing them off. Bacon asked the plaintiff if he would do it, and he said that he would at the proper time, during the dormant part of the tree's life. Since there were no leaves on the tree at the time, it was difficult to distinguish the live limbs from the dead ones. During the following week, on several occasions, Bacon asked the plaintiff when he was going to prune the tree. Bacon had seen the tree in September, when it had foliage upon it, and knew then that several of its branches were dead.

During the night of December 1 and the early morning of December 2, 1944, Bacon requested the plaintiff to go to the property directly from work and trim the tree. The plaintiff preferred to go later in the day but, because of the insistence of Bacon, he agreed to commence trimming the tree immediately after work. At 7 a.m. on December 2, the plaintiff and Bacon left the factory where they worked and proceeded towards the defendants' property. On the way Bacon decided to stop at a bakery to make a purchase and instructed the plaintiff to go along and start work on the tree. The plaintiff arrived at the defendants' property about 7:15 a.m. Dawn was then breaking, and the plaintiff could see the outline of the branches. He climbed the tree and cut off two branches and then stepped on another in order to shift his position when the

branch upon which he stepped broke and he fell to the ground, receiving serious injuries. Bacon arrived while the plaintiff was in the tree, but he did not warn the plaintiff then, nor had he warned him previously, of the existence of the dead limb which caused the plaintiff's fall. The branch was rotted, but the plaintiff was not aware of its condition until it broke when he stepped on it. After the plaintiff's fall, Bacon made several visits to the plaintiff at the hospital where he was a patient, and during one of them told him that he had known about the limb and was sorry he did not tell him about "that dead limb."

The plaintiff claimed that the defendants were negligent in failing to warn him of the condition of the tree and its dead limbs, and he denied that he was guilty of contributory negligence or that he had assumed the risk of injury.

The defendants contend that reasoning minds could not upon the evidence reach the conclusion that they were aware of the particular dead limb which caused the plaintiff to fall and, in failing to warn him of it, violated a duty to him. The jury are the judges of the credibility of witnesses, whether the contradiction is between different witnesses or between differing statements made by the same witness. They decide what weight justly belongs to the evidence. We are to decide only whether there was evidence which the jury could have reasonably credited and from which they could have fairly reached the conclusion they did. We do not retry the case on the evidence. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.*, 143 Conn. 468, 473, 123 A.2d 760; *Zullo* v. *Zullo*, 138 Conn. 712, 715, 89 A.2d 216; *Taylor* v. *Corkey*, 142 Conn. 150, 155, 111 A.2d 925.

Counsel for the defendants stated in oral argument that if upon the evidence the jury could have fairly

reached the conclusion that Bacon was liable, the claim that Mrs. Bacon was not liable would not be pressed. The jury could have found, and it can be taken for granted that they did find, that Bacon knew that the limb which caused the plaintiff's fall was dead; that he failed in a duty to the plaintiff by not warning him of it; and that the plaintiff was on the tree, at the time he fell, at the request of Bacon. Upon the basis of those facts and the statement made by their counsel, the defendants owed the plaintiff the duty of guarding against subjecting him to dangers of which Bacon was cognizant. The failure to meet this obligation subjected the defendants to liability unless they prevailed upon the issues raised by one or both of the affirmative defenses.

The defendants assert that the only reasonable and logical conclusion to be drawn from the evidence is that the plaintiff, with knowledge and appreciation of the risk, voluntarily encountered it and therefore as a matter of law assumed the risk of injury. They claim, also, that the plaintiff did not take reasonable care for his own safety and as a matter of law was guilty of contributory negligence. The issues upon these affirmative defenses were factual, and the defendants had the burden of proof. *Zullo* v. *Zullo,* supra. The claims that, as a matter of law, the plaintiff was guilty of contributory negligence and assumed the risk of injury are without merit.

There was evidence, which the jury reasonably could have credited, from which they could have fairly reached the conclusion they did. The court was, therefore, correct in deciding that the jury's verdict should not be disturbed.

There is no error.

In this opinion the other judges concurred.