GRACE A. GAFFNEY ET AL. *v.* ANGELINE PESCE

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 5—decided November 6, 1956

*William K. Lawlor,* for the appellant (named plaintiff).

*Francis McDonald,* with whom was *Max R. Traurig,* for the appellee (defendant).

WYNNE, J. The trial court rendered a judgment denying an injunction sought by the plaintiffs to restrain the defendant from obstructing a right of way which the plaintiffs claimed to have. On this appeal from that judgment, the principal contentions are that the court erred in defining the right of way, particularly its course. The sole appellant is the named plaintiff, hereinafter called the plaintiff.

The facts found may be summarized as follows: On December 15, 1944, the defendant became the owner of premises in Waterbury known as 64 Mill Street. Since March 6, 1941, the plaintiff has been the owner of the premises located directly to the rear and known as 64½ Mill Street. In 1909, the then owner of the land now belonging to the parties caused a survey to be made by William B. Reynolds, an engineer and surveyor. The passway involved in this litigation was depicted on the map he made. The map was filed in the office of the town clerk of Waterbury. In 1932 the Waterbury Savings Bank became the owner of the premises now owned by the plaintiff. On March 6, 1941, the bank gave a deed to her and at the same time gave her a new map, prepared by Reynolds in 1940, depicting the passway as he had located it in his original survey. In 1943 the plaintiff caused dirt, stones, earth and rock to be placed on the passway as it was depicted on the map, thus shifting the location of the passway so that a portion of it overlapped the property of the defendant.

The plaintiff seeks many additions to the finding. The corrections sought would incorporate into it facts claimed by the plaintiff without striking

from it inconsistent facts which have been found. To make the corrections would be futile unless the inconsistent facts were stricken. When a party asks that a finding be corrected by adding facts claimed by him, he must also ask that specific paragraphs or parts of paragraphs containing inconsistent facts be stricken. *Saunders* v. *Saunders,* 140 Conn. 140, 143, 98 A.2d 815; Maltbie, Conn. App. Proc., § 93. The facts found by the court are justified upon the evidence and we cannot retry the case. *Henry* v. *Bacon,* 143 Conn. 648, 651, 124 A.2d 913; *Simmons* v. *Addis,* 141 Conn. 738, 742, 110 A.2d 457. The basic issue is the exact location of the boundaries of the right of way. The plaintiff's claim is that the maps made by the engineer in 1909 and 1940 do not represent the location of the right of way as it was actually used. When a grant of a right of way does not fix the exact route it is to follow, its location is established, in accord with the reasonable convenience of the dominant and servient owners, by the practical location and use by the grantee, acquiesced in by the grantor at the time. *American Brass Co.* v. *Serra,* 104 Conn. 139, 144, 132 A. 565; *Hamilton* v. *Dennison,* 56 Conn. 359, 368, 15 A. 748. In the case at bar the exact location of the right of way presented a question of fact for the trier, and its conclusion is amply supported by the unchallenged facts found. *Berger* v. *Guilford,* 136 Conn. 71, 79, 68 A.2d 371.

Since the defendant has caused a transcript, rather than a narrative, of the evidence to be printed as an appendix, contrary to Practice Book § 448, no costs should be taxed for the expense of printing her appendix. Practice Book § 452.

There is no error.

No costs shall be taxed in favor of the defendant for the expense of printing the appendix to her brief.

In this opinion BALDWIN and DALY, Js., concurred.

O'SULLIVAN, J. (dissenting in part). I disagree with the opinion only in one respect. The rescript, it seems to me, should order the correction of the judgment file.

The action was instituted to obtain an injunction restraining the defendant from interfering with the plaintiffs' use of a claimed right of way, described in their complaint. The answer consisted of a general denial. The judgment file recites that the court found the issues for the defendant. Instead of then completing the file by an adjudication that the defendant recover of the plaintiffs her taxable costs, the file proceeds to set forth in elaborate style the measurements and bounds of a right of way other than the one described in the complaint.

The incorporation into the judgment file of this description, which was sought by neither the plaintiffs nor the defendant, is, I believe, highly improper. To retain it is to ignore the niceties of good practice and, worse still, may lead to a claim of res judicata by the defendant. The action, brought, as it was, in equity, should not be transformed by an incorrect file into an action to settle title or to fix lost boundaries. A different situation would have prevailed had the court found for the plaintiffs and issued a restraining order. If that had occurred, the court should have described with exactitude the right of way with whose enjoyment by the plaintiffs the defendant was enjoined from interfering. *Birdsey* v. *Kosienski,* 140 Conn. 403, 412, 101 A.2d 274.

In this opinion INGLIS, C. J., concurred.