JULIUS WETSTONE ET AL. *v.* YALE CANTOR ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 10—decided November 13, 1956

*Harry L. Nair,* with whom was *Robert E. Cohn,* for the appellants (plaintiffs).

· *Edward R. Doyle,* with whom was *Frederick J. Rundbaken,* for the appellees (defendants).

WYNNE, J. The plaintiffs occupy houses during the summer months in the town of Ellington. Within the zone in which the houses are located poultry farming is permitted by the zoning ordinance of the town. The community is a rural one and the principal industry is agriculture. The plaintiffs based this action against the defendants on the claim that the latter, in the operation of their poultry farming, maintained a private nuisance. The appeal is from the denial by the Court of Common Pleas of the injunctive relief sought by the plaintiffs. The complaint asked for an order for the discontinuance or abatement of the "nuisance or for regulating the manner of conducting defendants' business." Judgment was rendered for the defendants, and the plaintiffs have assigned error in the finding of facts and in the conclusions of the trial court.

The following facts found by the court are not challenged: The plaintiffs live in West Hartford and are engaged in tobacco and potato farming in En-

field, Connecticut, and East Longmeadow, Massachusetts. They own about ten acres on the west side of Pinney Street in Ellington, upon which there are two houses which they occupy from the latter part of June until the end of August. The defendant Bessie Cantor has been a poultry farmer on her land on Pinney Street since 1928. The other defendants, Yale Cantor and Melvin Cantor, are her sons. They own a parcel of land directly across the street from the plaintiffs' property. Upon this land are two chicken houses which were erected in 1949. They are about 250 feet away from the houses of the plaintiffs. Between 12,000 and 14,000 chickens are kept each season in the chicken houses. The Cantors maintain chicken ranges. The moving of chickens from the ranges to the chicken houses customarily starts around the first of July and is carried out in the following manner: Commencing at dark, workers take the birds on the ranges, place them in crates and transport them by truck to the houses. They are debeaked, which means that the sharp points on their beaks are removed. The entire process is accompanied by the squawking of chickens, loud conversations, the banging of crates, and the noise of trucks and motors. As a result, the sleep of the plaintiffs and their wives is disturbed. About seven nights during the month of July are involved. The practice is a recognized feature of poultry farming. There are odors from the chicken houses caused by chicken manure and chickens that die. It is standard practice to remove dead birds within two days and this is done by these defendants.

The facts found are justified by the evidence. It is not for us to retry the case. *Henry* v. *Bacon*, 143 Conn. 648, 651, 124 A.2d 913; *Simmons* v. *Addis*, 141 Conn. 738, 741, 110 A.2d 457.

In final analysis the court concluded that the invasions of the plaintiffs' rights were not substantial or unreasonable. Injunctions are issued not as a matter of right but in the sound discretion of the court. *Patalano* v. *Chabot,* 139 Conn. 356, 362, 94 A.2d 15. In *Heppenstall Co.* v. *Berkshire Chemical Co.,* 130 Conn. 485, 488, 35 A.2d 845, we held that no hard and fast rule controls the subject and that a fair test of whether a business lawful in itself constitutes a nuisance is the reasonableness of the use of the property in the particular locality under the circumstances of the case. With the reasoning in that case we are in thorough accord. The trial court in that case based its judgment in part, as here, upon the determination that, upon the facts, there was no substantial violation of rights.

There is no error.

In this opinion the other judges concurred.