[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS 126, 128, 129 AND 130
On September 3, 1992, judgment entered dissolving the marriage of the parties.
The Court now has before it several post-judgment motions regarding the terms and effect of that judgment.
The plaintiff has moved the Court to articulate its order regarding the defendant's obligation to pay the mortgage on the marital home.
The defendant raises the threshold argument that a Motion For Articulation is not a proper trial level pleading. He further asserts that any order of the Court at this time regarding mortgage payments is tantamount to a post-judgment modification of a property assignment and is, therefore, in error.
Having reviewed its decree of September 3, 1992, and having heard argument of counsel, the Court clarifies and makes more specific its decree as follows.
On April 25, 1990, the defendant was ordered to maintain the mortgage on the family home and on one automobile as part of his support obligation, pendente lite. Nothing in the judgment of September 3, 1992 modified or altered that obligation as it existed up to the final judgment. Implied in the judgment was the recognition and reiteration of those pendente lite orders.
A pendente lite order is interlocutory and terminates with the judgment that follows it. Saunders v. Saunders,140 Conn. 140, 146 (1953).
It is hereby ordered that an evidentiary hearing be held for the purpose of illiciting competent testimony concerning CT Page 1084 the mortgage arrearage claimed by the plaintiff to have accrued during the trial and prior to the rendition of the judgment of dissolution.
The plaintiff has also moved for an order releasing from the Connecticut National Bank Account #444552-1976, the sums of $4,726.45 and $2,500.00, which represent the mortgage arrearage found by this Court to have become the debt of the defendant for the several months prior to the start of trial, and the amount of counsel fees awarded to the plaintiff as a result of the trial, respectively.
The defendant having acquiesced to this relief during the hearing held on December 15, 1992, this Court hereby orders such distribution to be made to the plaintiff, forthwith.
As to the funds thereafter remaining in the heretofore escrowed Connecticut National Bank account, the Court orders, pursuant to its judgment of September 3, 1992, that $12,500.00 of said remaining funds be immediately paid over to the plaintiff and the balance on deposit, if any, be paid over immediately to the defendant. No funds shall be held as security or otherwise withheld from the plaintiff and defendant.
The plaintiff has asked this Court to articulate its finding concerning the plaintiff's claim that the defendant, in violation of an existing Court order, invaded the parties' joint bank account and caused that account to be reduced by approximately $7,000.00 in the form of withdrawals and penalties.
The Court, in its consideration of the aforementioned claims, found that the defendant did invade the account. The defendant, at trial, admitted the invasion and depletion of funds, but he claimed it was the accrued interest and not the principal which he withdrew. The penalty alone was found to be $2,102.63.
In its structuring of the property distribution the Court took into consideration the depletion of approximately $7,000.00 in marital assets by the defendant. The Court included that act of self-help by the defendant in the orders found in the September 3, 1992 judgment. CT Page 1085
The Court has not and will not find the defendant to have knowingly and willingly acted in contempt of the court order against depletion of the asset, having accepted the defendant's claim that his understanding of that order was that the principal not be diminished. That is not to say that the defendant's share of the marital assets should not be reduced by his actions — as they indeed were.
This Court makes no finding as to whether the defendant and the bank acted to conspire against the plaintiff, the Court or anyone else, and leaves the plaintiff to her proof in another forum.
BY THE COURT, JOSEPH W. DOHERTY, Judge