[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Following a hearing on March 24, 1998, the court renders its decision on Motion No. 139 for Contempt of Pendente Lite Order During Appeal dated December 16, 1997 and filed by the defendant on December 22, 1997.
ISSUE
Whether a pendente lite order directing plaintiff husband to continue providing health insurance benefits to the defendant wife was terminated by the final judgment of the court.
FACTS
The plaintiff husband, Duncan R. Simmons, commenced the present dissolution action by service of a writ, summons and complaint on the plaintiff wife, Aura R. Simmons. The trial court, Alander, J., entered judgment on January 6, 1997 as follows: "After carefully considering all the relevant statutory criteria, including those contained General Statutes § 46b-81
as they relate to the assignment of property and § 46b-82 as they relate to the award of alimony, the court enters the following orders: 1. The marriage ordered dissolved on the grounds of irretrievable breakdown. 2. No alimony is awarded to either party. 3. Each party shall retain the personal property currently in their Possession. 4. Each party shall retain sole ownership of the automobile currently in their possession. 5. Each party shall be solely responsible for payment of the liabilities listed on their respective financial affidavits. The plaintiff shall be solely responsible for the debt listed to the IRS. 6. The plaintiff shall pay the defendant $5,800 as a property settlement. This sum shall be paid in two equal installments. The first payment of $2,900 is due on February 1, 1997 and the second payment of $2,900 is due on September 1, 1997. 7. Each party shall be responsible for their respective attorney' s fees and costs. Simmons v. Simmons, Superior Court, Judicial District of New Haven at New Haven, Docket No. 0387050 (January 6, 1997, Alander, J.), rev'd in part, 244 Conn. 158, ___ A.2d ___ 1998).
The defendant filed an appeal raising the following issues: "(1) whether the trial court properly concluded that a medical CT Page 6265 degree is not property subject to equitable distribution pursuant to General Statutes § 46b-81 upon dissolution of the marriage; (2) whether, if it is assumed that the medical degree is not property, the trial court abused its discretion in its distribution of the remaining marital property and in denying alimony to the defendant; and (3) whether a contract existed between the parties with regard to the medical degree, which affords the defendant a contractual remedy." (Footnote omitted.)Simmons v. Simmons, supra, 160. Notably, the defendant did not raise the issue of medical insurance on appeal. The Supreme Court "affirm[ed] the judgment of the trial court on the first issue and reverse[d] its judgment, in part, on the second issue." Id. Additionally the Supreme Court "decline[d] to address the third issue."
Presently before this court is the defendant's motion for contempt wherein she f claims that "certain pendente lite orders were entered as on file and as of the date hereof the [plaintiff] has not fully complied with the following order: a. For the plaintiff to. maintain health insurance for the defendant pendente lite." (Motion for Contempt of Pendente Lite Order During Appeal.) The parties appeared before this court on March 24, 1998. The court notes that the plaintiff's objection was made on the record and that neither party filed memoranda of law in support of their respective positions. The court, however, will review the authority on the issues raised during oral argument.
DISCUSSION
"In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . . This section shall not apply to actions concerningattorneys pursuant to chapter 2, to periodic alimony and supportorders, as well as to custody or visitation orders in domesticrelations matters brought pursuant to chapter 25 . . ." (Emphasis added.) Practice Book § 4046, now Practice Book (1998 Rev.) § 61-11 (quoting from revised section). "In non-criminal matters in which the automatic stay provisions of Section 61-11 are not applicable and in which there are no statutory stay provisions, any motion for a stay of the judgment or order of the superior court pending appeal shall be made to the judge who CT Page 6266 tried the case unless that judge is unavailable, in which case the motion may be made to any judge of the superior court. Such a motion may also be filed before judgment and may be ruled upon at the time judgment is rendered unless the court concludes that a further hearing or, consideration of such motion is necessary. A temporary stay may be ordered sua sponte or on written or oral motion, ex parte or otherwise, pending the filing or consideration of a motion for stay pending appeal. The motion shall be considered on an expedited basis and the granting of a stay of an order for the payment of money may be conditional on the posting of suitable security." Practice Book § 4047, now Practice Book (1998 Rev.) § 61-12 (quoting from revised section).
A review of the court file indicates that on May 16, 1996, the defendant filed a motion to keep all insurance, including health insurance, in effect throughout the pendency of the dissolution action. On June 11, 1996, the court, Pittman, J.,
granted the motion by consent of the parties. Judgment entered on January 6, 1997 as set forth above. The judgment did not include any orders directing the plaintiff to retain medical insurance on the defendant's behalf. The defendant moved for a stay pending appeal which was denied by the court, Alander, J., on March 13, 1997. The defendant also moved for contempt, similar to the one before the court at this time, which was denied by the court, Alander, J., on April 9, 1997.
"Pendente lite orders necessarily cease to exist once a final judgment in the dispute has been rendered because their purpose is extinguished at that time. An alimony award rendered pursuant to such a judgment constitutes a final resolution of the initial dispute and is not transformed into a temporary order merely because there is continuing jurisdiction to modify it at a later date. See Yontef v. Yontef, supra, 292-93; Krasnow v. Krasnow,140 Conn. 254, 261-63, 99 A.2d 104 (1953)." Connolly v. Connolly,191 Conn. 468, 480, 464 A.2d 837 (1983). "An order for alimony pendente lite is interlocutory and terminates with the judgment which follows it. Thus, the order . . . came to an end and was no longer operative when judgment was rendered. . . . Nor was the order reinstated by the plaintiff's taking her appeal. An appeal does not vacate a judgment; it serves only to stay the enforcement of the rights acquired by the successful litigant. . . . In other words; the judgment . . . was final unless set aside by this court, and it disposed with finality of all interlocutory orders." Saunders v. Saunders, 140 Conn. 140, CT Page 6267 146, 98 A.2d 815 (1953).
Because the pendente lite order terminated with the judgment that followed it, the plaintiff cannot be in contempt.[1] SeeSaunders v. Saunders, supra, 146-47. For the foregoing reasons, the defendant's motion for contempt is denied.
James G. Kenefick, Jr., Judge