[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: MOTION TO STRIKE #105
The plaintiffs, Rabindranath and Latchmini Ramnath have brought this action against the defendants, Benedetto and Audrey Napoleone for damage caused by a tree located on the defendants' parcel of real estate. In their three count revised complaint (complaint), the plaintiffs allege in pertinent part that: The plaintiffs have been owners of a parcel of real estate in Norwalk, Connecticut since September 30, 1999. The defendants are landowners of a parcel of real estate which abuts that of the plaintiffs'. Prior to September 30, 1999 and subsequent to that date, the defendants maintained a large tree at the rear of their parcel which grew over toward the plaintiffs' parcel. Over time, the tree began to crush the roof of the plaintiffs' barn. The defendants could observe this damage yet willfully and deliberately did nothing to stop it. The defendants failed to exercise reasonable care to prevent the damage to the barn by failing to remove or trim the tree.
In the first count, which sounds in negligence, the plaintiffs allege that the defendants' aforementioned behavior resulted in damage to the plaintiffs' barn. In the second count, which sounds in nuisance, the plaintiffs reallege all of the facts in the first count and add that failure to maintain the tree constitutes a nuisance and that the plaintiffs have been irreparably harmed in that the barn has been deemed a condemned and "unsafe structure" and ordered torn down by the City of Norwalk. The third count, sounding in trespass, realleges all of the facts in the first count and adds that the actions of the defendant constitute an unlawful invasion of the plaintiffs' property.
On December 6, 2001, the defendants filed a motion to strike the plaintiffs' complaint on the ground that the complaint fails to state a claim upon which relief can be granted because the actions which make up the substance of the plaintiffs' complaint took place before the plaintiffs owned the parcel of real estate. On January 31, 2002, the plaintiffs filed a memorandum in opposition to the defendants' motion to strike. CT Page 7852
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). However, a motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997).
"The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." PamelaB. v. Ment, supra, 244 Conn. 308.
Count I-Negligence
With regard to the first count, the defendants argue that since the plaintiffs did not own the property when the alleged damage began to occur, there was no duty owed to the plaintiffs and thus the first count should be stricken. In the alternative, the defendants argue that even if the court were to find that there exists some duty to the plaintiffs, Connecticut does not recognize any liability for the natural condition of land. The defendants also claim that the plaintiffs could have cut the defendants tree back to their property line. Robinson v. Clapp,65 Conn. 365, 377, 32 A. 939 (1895). In response, the plaintiffs argue that the actions taken by the defendants amount to a continuing wrong which is not obviated by either the fact that the parcel was purchased subsequent to the first time the tree began crushing the barn nor by the fact that the plaintiffs may have had a right to cut back the trees. The parties agree that there is no appellate authority that provides direct guidance regarding a case of this type.
Preliminarily, the court notes that the fact that the purported negligence began prior to the date the plaintiffs acquired title to the parcel is of no consequence. The court finds no authority for not recognizing that a duty may have been owed to the subsequent purchasers of a parcel of real property which was previously being damaged by CT Page 7853 abutting landowners, nor have the parties pointed the court to any authority for such a proposition. Moreover, "[i]t is the duty of every person to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor." Pestey v. Cushman,259 Conn. 345, 352, 788 A.2d 496 (2002).
Turning to whether the first count sufficiently alleges a negligence cause of action, the court notes that "[n]egligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." Dean v. Hershowitz, 119 Conn. 398, 407-408,177 A. 262 (1935). "The essential elements of a cause of action in negligence are well established: duty: breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994).
Thus, construing the facts of the complaint in a light most favorable to the plaintiffs, the court finds that the plaintiffs have sufficiently pled a cause of action in negligence. The plaintiffs allege that the defendants are the owners of abutting property. As previously mentioned, every person has a duty to make a reasonable use of his own property so as not to damage the property of his neighbor. Hence, the defendants owed a duty to the plaintiffs. The plaintiffs further allege that the defendants deliberately permitted the tree to crush the plaintiffs' barn and failed to prevent further damage. Therefore, the court finds that the plaintiffs have alleged a breach of the duty the defendants owed to them. Finally, the complaint alleges that this failure to exercise reasonable care resulted in permanent damage to the barn and it being deemed condemned by the City of Norwalk. Such an allegation satisfies the causation and actual injury element of a cause of action for negligence. These allegations are sufficient to make out a prima facie case for negligence because the plaintiffs have sufficiently alleged duty, breach, causation and actual injury. Therefore, the motion to strike the first count of the complaint is denied.
Count II-Nuisance
As to the second count, the parties reiterate the arguments asserted as to the first count and the defendants add that the complaint fails to adequately allege facts which meet the first and third elements of a nuisance cause of action. The court notes that "[t]he essence of a private nuisance is an interference with the use and enjoyment of land." W. Prosser W. Keeton, Torts (5th Ed. 1984) § 87, p. 619. The Supreme Court has articulated that a plaintiff must prove four elements to succeed in a nuisance cause of action: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of CT Page 7854 the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." Pestey v. Cushman, supra, 259 Conn. 355.
As to the first element, the court finds that the allegation that the tree began to crush the roof of the plaintiffs' barn is sufficient to meet the first element that the condition has a natural tendency to create danger and inflict injury upon a person or property. As to the third element, the court agrees with the defendants that the second count makes no specific reference to whether the purported use involved in this case was unreasonable or unlawful. Thus, the court must assess whether unreasonable and unlawful can be gleaned from a favorable reading of the complaint.
In determining unreasonableness, "[c]onsideration must be given not only to the interests of the person harmed but also [to] the interests of the actor and to the interests of the community as a whole." Walsh v.Stonington Water Pollution Control Authority, 250 Conn. 443, 456-5 7,736 A.2d 811 (1999). "Determining unreasonableness is essentially a weighing process, involving a comparative evaluation of conflicting interests. . . ." Walsh v. Stonington Water Pollution Control Authority, supra, 250 Conn. 456. Unreasonableness cannot be determined in the abstract, but, rather, must be judged under the circumstances of the particular case. Wetstone v. Cantor, 144 Conn. 77, 80, 127 A.2d 70
(1956).
The court notes that at least one trial court has found that permitting a tree to remain in a rotted condition was a nuisance as a matter of fact because in its decayed condition its natural tendency was to create danger and inflict injury. Sturges v. East Haven, 9 Conn. Sup. 351, 353
(1941). Similarly, in this case, the allegations that the tree was growing in a manner which began to crush the roof of the plaintiffs barn and that the defendants allegedly knew that this was occurring and did nothing to prevent it, appears unreasonable. These allegations show that the tree in its natural condition would create danger and inflict injury, especially in light of the fact that this eventually led to the condemnation of the barn.
As to the second and fourth elements of a nuisance cause of action, the plaintiffs have pled that the defendants did nothing to stop the continuing damage to the barn which resulted in its eventual condemnation. These allegations sufficiently satisfy the second and fourth elements of a nuisance cause of action. Thus, the motion to strike the second count of the complaint is hereby denied.
Count III-Trespass
CT Page 7855
Regarding the motion to strike the third count of the complaint, the essential elements of a trespass action are: "(1) ownership or possessory interest in land by the plaintiff; (2) invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest; (3) done intentionally; and (4) causing direct injury." Abington Ltd.Partnership v. Talcott Mountain Science Center for Student Involvement,Inc., 43 Conn. Sup. 424, 427, 657 A.2d 732 (1994).
Viewing the allegations in the complaint in a light most favorably to the plaintiff, the court finds that the plaintiffs have alleged to own the relevant parcel, that the defendants' tree has entered upon their parcel, that the defendants deliberately failed to trim the tree and that injury in the form of property damage resulted. The complaint alleges all of the elements of trespass. Thus, the motion to strike the third count is denied because the plaintiff has sufficiently stated a cause of action sounding in trespass.
In sum, the defendants' motion to strike the plaintiffs' complaint is denied as to all three counts.
 ___________________ HICKEY, J.