MYRTLE M. THOMPSON, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

Loans of money on salaries — statute requiring copy of agreement, assigning salary to become due, to be filed with employer of borrower is a reasonable and valid exercise of police power of the legislature — failure of lender to file such assignment prevents any recovery.

1. The statute (Pers. Prop. Law, § 42; Cons. Laws, ch. 41). which provides that any person making a loan upon an assignment of salary, due, or to be earned, shall not acquire the right to collect the same from the employer of the person obtaining the loan unless a copy of such assignment is filed with the employer as therein set forth, is a reasonable exercise of the police power vested in the legislature and tends to preserve the public welfare and the particular welfare of both the employer and the employee.

2. A party seeking to obtain a loan on such security executed a power of attorney to a third person authorizing her "To have made, executed, negotiated, delivered and sold certain notes to the aggregate amount of $90 or less. * * * At such time or times as may be necessary, or as he may think proper, to make such an assignment, agreement, contract or arrangement relating to my wages * * * as my said attorney may think necessary or desirable * * *." It further provided: "In negotiating, selling, procuring the discount of or delivering the said note or notes, my said attorney shall have each and every right and power which I would have if I were personally present and attended to the transaction myself." A loan was obtained by the employee and thereafter his salary was assigned under such power to secure its payment. Upon examination of the power and of the facts connected with the assignment by which it appears that the latter was either made without authority or pursuant to an agreement made when the loan was obtained, *held*, that it was necessary, under the statute, to file "a duly authenticated copy of such agreement or assignment or notes under which the claim is made" with the employer within three days after the loan was obtained, and the failure so to do prevents any recovery by the plaintiff.

*Thompson* v. *Erie R. R. Co.*, 147 App. Div. 8, reversed.

(Argued December 9, 1912; decided December 31, 1912.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 10, 1911, affirming a judgment of the Municipal Court of the city of New York in favor of plaintiff in an action on an assigned claim for wages.

The facts, so far as material, are stated in the opinion.

*Lansing P. Reed* and *William C. Cannon* for appellant. The plaintiff cannot recover because she has failed to show that the assignment of Doherty's wages was authorized by the power of attorney. (*Porges v. U. S. M. & T. Co.*, 203 N. Y. 181; *Geiger v. Bolles*, 1 T. & C. 129.) Plaintiff cannot recover because plaintiff's assignor, N. W. Hasten Company, has not complied with section 42 of chapter 45 of the Laws of 1909. (*Thompson v. Gimbel Bros.*, 129 App. Div. 1025; 128 N. Y. Supp. 210.) The assigment of Doherty's wages was made when the loan was effected and the power of attorney placed in the hands of the N. W. Hasten Company on February 28, 1910. The plaintiff cannot recover since no copy of such assignment was filed with the defendant within three days thereafter, as required by the statute. (*Thompson v. Interborough Co.*, 96 N. Y. Supp. 416.)

*Frederick H. Cunningham* for respondent. The defendant at bar is liable because it refused to honor the plaintiff's claim, having had prompt notice of the assignment in accordance with the statute. (*U. C. & I. Co. v. Stockyard Co.*, 46 Misc. Rep. 431; *Thompson v. I. R. T. Co.*, 49 Misc. Rep. 102.) The plaintiff complied with all of the provisions of section 42 of the Personal Property Law (L. 1904, ch. 77, § 42). If the construction of the statute by appellant is sound — namely, that in order to hold the employer liable in an action, notice must be given to him within three days after his employee has negotiated a loan and also within three days after he has made any agreement, assignment or note concerning

same — then chapter 77 of Laws of 1904 (Pers. Prop. Law, § 42) is unconstitutional, in that it deprives an employee of his property without due process of law. (*Frorer* v. *People*, 141 Ill. 171; *Matthews* v. *People*, 202 Ill. 389; *Wright* v. *Hart*, 182 N. Y. 334; *Matter of Jacobs*, 98 N. Y. 98; *Mullin* v. *Wenham*, 209 Ill. 252.)

CHASE, J.   On February 26, 1910, one Dougherty, an employee of the defendant, made application to a loan broker in the city of New York for a loan of $37.00 and offered as security an assignment of his prospective wages.   Inquiry was made of him as to his residence, employment, salary and place of business.   Later he was notified that he could obtain the loan and he was told to call again upon the loan broker.   He did so and upon suggestion assented to including in the proposed note eight dollars interest for the loan of the money for one month. Upon request he signed a printed blank form for a power of attorney.   The power of attorney in evidence is the one signed by him and as it now appears it is to S. Blanding, a women, at that time residing in Portland, Maine, of whom he had never before heard.   It gives to her very unusual and comprehensive power and authority, among other things, "To make and execute, signing my name thereto, a promissory note or promissory notes each and every of which shall be payable in the City of Portland, in the State of Maine, to the aggregate amount above stated. ($90.)   Said attorney shall have full authority and power to determine the date or dates when said note or notes shall become due and payable, the rate of interest before and after maturity, the amount or rate of collection fee, if any, and the name or names of the payee or payees. To aid in the negotiation and sale of said notes my said attorney aforesaid is hereby authorized, at such time or times as may be necessary or as he may think proper, to make such an assignment, agreement, contract, or arrangement relating to my wages, now earned, now

being earned, or hereafter to be earned, under my engage-
ment with my present employer or under any engagement
with any other employer with whom I hereafter may
be engaged, as my said attorney may think necessary or
desirable, the only limitation on this point being that said
assignment, contract, agreement, or arrangement shall not
affect my wages to any amount greater than five times the
aggregate of the notes made and negotiated.  *  *  *  I
further authorize, empower and direct my said attorney to
negotiate, sell or procure the discount of, in the said City of
Portland, State of Maine, the said note or notes aforesaid
or to transfer in said City said note or notes as evidence of
indebtedness for the best price or amount obtainable in
cash, and in negotiating, selling, procuring the discount
of or delivering the said note or notes, my said attorney
shall have each and every right and power which I would
have if I were personally present and attended to the
transaction myself.  *  *  *

" Said attorney shall have and is hereby given the right
to receive the proceeds of said negotiation, discount or
sale and over my signature give full receipt therefor.  I
hereby agree that the above power and powers of attorney
are continuing powers until any and all indebtedness con-
tracted through or by the execution of the same is finally
and completely satisfied and paid, and said attorney is
authorized to agree for me with any purchaser of my
notes or the receiver of any collateral, that if sufficient
funds are not received by virtue thereof to satisfy said
indebtedness in full, then that from time to time, further
assignments of wages due or to become due, from the
employer by whom I am then employed, will be made and
delivered.  *  *  * "

The blanks in the printed form were filled in and it was
sent to S. Blanding at Porland, Maine.  She received it
and without making any other effort to negotiate a note
for Dougherty, went to the partnership firm of N. W.
Hasten Company in that city with the power of attorney,

and offered to sell a note to be made by Dougherty of
$45.00, to be dated at Portland, Maine, and to be payable
at said city, April 3, 1910, and that firm offered to pay
therefor $37.00, whereupon she executed in the name of
Dougherty such a note and delivered it to N. W. Hasten
Company, together with the power of attorney, and
received $37.00. She purchased a money order for $36.85,
paying the fifteen cents which was deducted from the
$37.00 for the money order, and it was sent to Dougherty
with a letter saying that it was the best she could do for
him, and that if it was not satisfactory to return the order.
The letter was delivered to Dougherty at the loan broker's
and he was there charged an additional two dollars as a
brokerage fee, the net amount received by him for the note
being $34.85. Miss Blanding testified that she is employed
by the State Trading Corporation of New York. The
relation between the State Trading Corporation and the
loan broker, or between that corporation and the firm of
N. W. Hasten Company, who are engaged in the busi-
ness of purchasing notes at Portland, Maine, does not
appear. Miss Blanding further testified that she received
many similar powers of attorney and never sought to
sell the notes referred to in such powers of attorney to
any one other than the firm of N. W. Hasten Company,
but insisted that she was in no way employed by said firm.

The note of Dougherty was not paid when due and on
April 21, 1910, Miss Blanding, by virtue of such power
of attorney, made a written assignment to N. W. Hasten
Company of the salary due and to become due from the
defendant to Dougherty. On the following day N. W.
Hasten Company sent a copy of said written assignment
to the defendant, by mail, together with a statement that
if $60.50 were paid promptly and before the claim was
put in the hands of an attorney the notice of an assign-
ment would be withdrawn. Before the commencement
of this action the N. W. Hasten Company assigned their
claim against the defendant by virtue of said assignment

to the plaintiff. In June following Dougherty offered to pay $50.00 in settlement of the note, which was refused. The defendant did not pay the amount as demanded of it and this action was brought to recover the amount alleged to be due on said note. The words "wages" and "salary" were used by the parties interchangeably and they are so used in this opinion.

A statute was passed in this state in 1904 (Laws of 1904, chap. 77), which was re-enacted as section 42 of chapter 45 of the Laws of 1909 (Personal Property Law, Cons. Laws, chap. 41) and as such was in force at all of the times mentioned in this case, and it is as follows:

"1. Any person or persons, firm, corporation or company, who shall after March eighteenth, nineteen hundred and four, make to any employee an advance of money, or loan, on account of salary or wages due or to be earned in the future by such individual, upon an assignment or note covering such loans or advances, shall not acquire any right to collect or attach the same while in the possession or control of the employer, unless within a period of three days after the execution of such assignment or notes and the making of such loan or loans, the party making such loan and taking such assignment shall have filed with the employer or employers of the individual so assigning his present or prospective salary or wages, a duly authenticated copy of such agreement or assignment or notes under which the claim is made.

"2. No action shall be maintained in any of the courts of this state, brought by the holder of any such contract, assignment or notes, given by an employee for moneys loaned on account of salary or wages, in which it is sought to charge in any manner the employer or employers, unless it shall appear to the satisfaction of the court that a copy of such agreement, assignment or notes, together with a notice of lien, was duly filed with the employer or employers of the person making such agreement, assignment or notes, by the person or persons, cor-

poration or company making said loan within three days after the said loan was made and the said agreement, assignment or notes were given."

The statute quoted is for the benefit of the employer because it requires that he be given definite information of any claim by one, other than the employee, to the whole or any part of the salary or wages which the employer has promised to pay to such employee. The fact that such information is required tends to make the transaction between the borrower and lender more certain and definite, and thus to prevent to some extent subsequent annoying controversies and possible litigation in which the employer is almost inevitably involved, and by which his interests are more or less affected. In many cases it is important that the employer have the information required by the statute that he may determine whether the faithful service which he expects of the employee is in danger of being jeopardized by the transaction.

Such statute is also for the benefit of the employee because it tends to make him more deliberate and careful about a transaction of great importance to him. With the statute in force an employee is less likely to borrow small sums of money from persons whose only interest in the transaction is to obtain an exorbitant return for the money loaned, unless the agreement relating to the loan and the assignment of his salary or wages due or to be earned as collateral thereto is fully understood and thoroughly appreciated.

Such deliberation and care and the partial publicity resulting from giving the notice, "and a duly authenticated copy of such agreement or assignment or notice under which the claim is made " to the employer, would to some extent prevent improvidence and recklessness by and fraud upon the employee.

The statute is a reasonable exercise of the police power vested in the legislature and tends to preserve the public

12

welfare and the particular welfare of both the employer and the employee. (*Mutual Loan Co.* v. *Martell*, 200 Mass. 482; *S. C.*, 222 U. S. 225.)

Assuming, for the purposes of this opinion, that the statute did not require that N. W. Hasten Company file a notice of lien with the defendant when the loan was made unless Dougherty's salary was then assigned, it is necessary to examine carefully the power of attorney in connection with the facts so far as they are disclosed in the record to determine whether the salary was then assigned or whether an agreement or arrangement was then made in connection with the advance of money or loan on the note requiring an assignment of the salary at a future date.

The purpose of the power of attorney is expressed in the recited desire of Dougherty " To have made, executed, negotiated, delivered and sold certain notes to the aggregate amount of $90 or less." To accomplish such desire the attorney is given authority " at such time or times as may be necessary, or as he may think proper, to make such an *assignment, agreement, contract or arrangement* relating to my wages  *  *  * as my said attorney may think necessary or desirable.  *  *  * "

It further provides: " In *negotiating, selling, procuring the discount of or delivering* the said note or notes, my said attorney shall have each and every right and power which I would have if I were personally present and attended to the transaction myself."

The parties attempted to make the power of attorney irrevocable so far as such loan is concerned by the following words: " I hereby agree that the above power and powers of attorney are continuing powers until any and all indebtedness contracted through or by the execution of the same is finally and completely satisfied and paid, and said attorney is authorized *to agree for me* with any purchaser of my notes, or the receiver of any collateral, that if sufficient funds are not received by virtue thereof

to satisfy said indebtedness in full, then that from time to time further assignments of wages due or to become due from the employer by whom I am then employed will be made and delivered."

It appears from such power of attorney that the authority of the attorney to assign Dougherty's salary is for the purpose of aiding in the negotiation and sale of the note. Within such limitation the attorney is given authority that is only bounded by the authority of Dougherty if he were personally present. Such authority is to assign the salary in connection with and at the time of the sale of the note, or to enter into an *agreement or arrangement at that time,* by which the formal assignment is to be subsequently executed by her. No authority is given by the power of attorney to assign the salary except to aid in the negotiation and sale of the note. The advance of money or loan to Dougherty upon his note was either on account of salary due or to become due, or it was a loan wholly independent of any contemporaneous agreement relating to such salary. The written assignment was not made until about seven weeks after the note was actually discounted and the proceeds thereof as agreed were sent to Dougherty.

The conclusion is irresistible that the assignment was either made without authority or it was made pursuant to an agreement by the attorney with N. W. Hasten Company at the time when the note was purchased. Such an agreement would have been in pursuance of the terms of the power of attorney. An assignment of the salary seven weeks after the note was purchased, without such prior agreement, would have been without authority. In view of the facts, some of which we have recited, and many unexplained coincidents relating to the history of and relations of Dougherty's attorney and the note purchasers, and also and particularly the fact that Miss Blanding delivered the power of attorney to N. W. Hasten Company with the note, and thereafter assumed

that she was obligated to make such written assignment when required by N. W. Hasten Company, it may be reasonably assumed that an agreement to assign Dougherty's salary was made at the time N. W. Hasten Company purchased the note. Such firm thereby became the equitable owner of Dougherty's salary as of that date.

If N. W. Hasten Company became the equitable owner of the salary at the time when the note was purchased, it was necessary, under any construction of the statute, to file "a duly authenticated copy of such agreement or assignment or notes under which the claim is made" with the defendant within three days as prescribed by the act, and the failure so to do prevents any recovery by the plaintiff herein.

Many other questions have been discussed upon this appeal, but it does not seem necessary to consider them in this opinion, particularly in view of the fact that the statute quoted was materially amended in 1911. (Laws of 1911, chap. 626.)

The judgment of the Appellate Division and also of the Municipal Court should be reversed and a new trial granted in the Municipal Court in the district in which the action was brought, with costs to abide the event.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Judgment reversed, etc.