Mary Podzunas *v.* The Prudential Insurance
Company of America et als.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued May 16—decided June 26, 1939.

*Michael V. Blansfield,* with whom was *Harry M. Albert,* for the appellant (plaintiff).

*Albert W. Hummel,* for the appellant (defendant Popikas, administrator).

*Ulysses G. Church,* for the appellee (named defendant).

JENNINGS, J.   The plaintiff claimed as assignee of certain industrial life insurance policies.  The defendant administrator claimed as the beneficiary named in the policies.  As such he attacked the validity of the assignment, denied that the plaintiff had been or could be substituted as beneficiary and claimed that he was at least entitled to the proceeds of a policy substituted for a lapsed policy before the assignment.  He also claimed that the judgment of interpleader limited the issues.

The plaintiff's appeal is confined to the propriety of the allowance of $200 made to the named defendant, hereinafter called the company, from the fund, the failure of the court to allow her interest and the fact that she was ordered to pay the costs of the proceeding although judgment was rendered in her favor.  The case may fairly be said to have developed into one in the nature of interpleader under General Statutes,

§ 5911. The named defendant at no time claimed the fund but only sought advice of the court as to whom it could be paid with safety to itself. Such claims as it made under its answer were adapted to secure that result or were proper under the terms of the statute. The case of *Marks* v. *Chapel Co.,* 5 Conn. Supp. 441, 444, relied on by the plaintiff, contains an interesting discussion of interpleader but is not in point because in that case the complaint showed no facts on which the rights of the third party could be said to be based. Section 5911 places the question of costs and an allowance in the discretion of the trial court. The evidence is not printed and we cannot say from the finding that that discretion was abused. *Phoenix Ins. Co.* v. *Carey,* 80 Conn. 426, 431, 68 Atl. 993. Interest, in a case of this kind, is allowed on the theory that money has been wrongfully retained. The named defendant was directed to "hold said money, subject to the further and final order of this court" and cannot be said to have retained it wrongfully. *Phoenix Ins. Co.* v. *Carey,* supra. There is no error on the plaintiff's appeal.

The finding establishes the following facts: The Insurance Company insured the life of Kazimeras Rameikas on the following dates in the amounts stated: January 9, 1933, $500 (Exhibit D); May 7, 1934, $264 (Exhibit C); July 2, 1934, $264 (Exhibit Q); February 25, 1935, $500 (Exhibit B). On July 2, 1934, the policy Exhibit C lapsed and a new policy for the same amount (Exhibit Q) was issued and delivered to Rameikas on that day but the lapsed policy was not taken up by the agent. The new policy, Exhibit Q, has been lost. With the policies the agent delivered to Rameikas a premium receipt book listing policies B, C and D. This listing was never changed and premiums were paid by Rameikas and credited on the book.

The wife of Rameikas died on March 3, 1935. At

that time and in the following May the plaintiff, who was first cousin of Rameikas and was called "sister" by him, made advances of money to him. On the latter date, Rameikas agreed to assign his insurance policies to the plaintiff in consideration of her cancellation of the loan and a further payment. Ricciardi, agent and collector of premiums for the Insurance Company, undertook to prepare the assignment. Both Rameikas and the plaintiff were illiterate and understood little English. They conversed with Ricciardi through an interpreter. The form of assignment was written in the premium receipt book by Ricciardi, witnessed by him and signed by Rameikas with his mark. It read as follows: "To the Prudential ins. Co. Ef any ting hapen to me  Pay Same to my Sister  Mary Podzunas Kazimera  his mak  Ramekis  Samuel Ricciardi: agent and witness." Rameikas and the plaintiff each intended this to be a proper assignment. Ricciardi and Carter, who succeeded him as collector on his death, both assured the plaintiff that the assignment was good.

After making the assignment, Rameikas left for Lithuania. Before leaving he had paid the premiums. The plaintiff then paid them until some time after Rameikas' death. All of them were credited on the premium receipt book to policies B, D and C. This book was inspected by a supervisor from the Waterbury district office and compared with the entries credited at the district office. The plaintiff did not know of the issuance of Exhibit Q until after proofs of death had been filed on Exhibits B, C and D. There was no evidence of any premium having been paid or credited on Exhibit Q. All the error and confusion existing between Exhibit C and Exhibit Q were due to the improper receipts given to the plaintiff by the defendant company's agents and to faulty or lax book-

keeping on the part of the company's collector, district office and home office. Each policy was payable to the executor or administrator of the insured and contained the usual clause providing for approval by a principal officer of any change. With the correction required for a misstatement of age and the return of the premiums paid by the plaintiff after the death of the insured there was due on policy D, $486.41; on policy B, $472.86; and on policy C or Q, $258.40, a total of $1217.67.

The policies contain no specific provision against or procedure for assignment. If the writing be read in the light of the surrounding circumstances, the conduct of the parties, and particularly the finding of the trial court as to their intention, there can be no doubt that an assignment and not a change of beneficiary was intended, and the terms of the writing are sufficient to constitute such an assignment. *Stoll* v. *Mutual Benefit Life Ins. Co.,* 115 Wis. 558, 560, 92 N. W. 277; *Swift* v. *Railway Passenger & F. C. M. A. Benefit Asso.,* 96 Ill. 309, 313. The assignment, in writing and accompanied by delivery of the policies and the premium receipt book, was good as between the parties. *Travelers Ins. Co.* v. *Mayo,* 103 Conn. 341, 349, 130 Atl. 379; 2 Cooley, Briefs on Insurance (2d Ed.) pp. 1820, 1827.

This disposes of policies B and D. As to C a somewhat different situation exists. As stated, C lapsed on July 2, 1934, was replaced by Q on the same date and in the same terms, and C rather than Q was the subject of the assignment of May, 1935. It was clearly the intention of the parties to assign to the plaintiff the policy in force at the time the assignment was made and the plaintiff continued thereafter to pay the premiums in fact due upon policy Q without regard to policy C. Under these circumstances the plaintiff

would undoubtedly have had a right in equity to compel the insured formally to assign policy Q to her. Equity, regarding that as done which ought to be done, will give effect to the transaction as an equitable assignment of the policy, good as against the administrator. *Thompson* v. *Erie Railroad Co.*, 207 N. Y. 171, 179, 100 N. E. 791; *State Central Savings Bank* v. *Hemmy,* 77 Fed. (2d) 458, 460; *Milford State Bank* v. *Parrish,* 88 Utah 235, 53 Pac. (2d) 72; 1 Pomeroy, Equity Jurisprudence (4th Ed.) § 373; 5 C. J. 909 ff; 2 Couch, Insurance, §§ 323, 324, note 2.

The only remaining claim of the administrator which requires notice is that the judgment of interpleader fixed the issues as to Q rather than as to C. Under the pleadings as they finally took form, the right of the plaintiff to claim an assignment of policy Q was put in issue and decided in her favor, and as the company has not appealed from that judgment there is no question before us as to its liability to the plaintiff upon that policy. This makes the position of the administrator now under discussion untenable.

We therefore hold that the policies were assigned, that the administrator cannot avail himself of the substitution of Q for C and that the judgment of interpleader did not, under the circumstances, preclude the recovery of the plaintiff under her complaint.

Since no error is found, it is unnecessary to consider the bill of exceptions. *Equitable Life Assur. Soc.* v. *Slade,* 122 Conn. 451, 462, 190 Atl. 616.

There is no error.

In this opinion the other judges concurred.