ROSALIE BACHRACH *v.* SOLOMON HERRUP ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 3—decided May 8, 1941.

*Samuel Gold,* for the appellant (defendant Dull).

*Robert E. Beach,* for the appellee (plaintiff).

JENNINGS, J. The decisive question in this case may be stated as follows: Where a policy of life insurance, reserving to the insured the right to change the bene-

ficiary, but without any requirement that the company issuing the policy consent to the change, provides that such change will become effective only when a provision to that effect is indorsed on or attached to the policy by the company, and where the original beneficiary prevents compliance with this provision by wrongfully retaining possession of the policy in spite of efforts by the insured to secure it, does the failure of the insured, in connection with a formal request for a change of beneficiary, to submit the policy to the company for its indorsement prevent the change from becoming effective?

The action originated in a complaint wherein the plaintiff was the person claiming under the change in beneficiary and the original beneficiary and the insurance company were the defendants, but the company later filed a cross-complaint in which it disclaimed any interest in the proceeds of the policy and stated its readiness to pay them to the person or persons lawfully entitled thereto, and thereafter the action proceeded as an interpleader.

The facts relevant to this question are not in dispute. On February 13, 1933, the Prudential Insurance Company issued a policy on the life of Tillie Herrup, naming Solomon R. Herrup, her husband, as beneficiary. The right to change the beneficiary was reserved to the insured and the policy provided that such change should become effective only upon written notice to the company and indorsement by it of the policy. Mr. and Mrs. Herrup continued to live together until March, 1937, when they separated. During this period, Mr. Herrup kept the policy and paid the premiums, partly from his own funds and partly from the funds of his wife and daughter. The respective amounts contributed could not be ascertained but there was no agreement between Mr. and Mrs. Herrup that the

former was to pay the premiums and receive the proceeds of the policy.

After the separation Mr. Herrup refused to pay further premiums. The agent notified Mrs. Herrup that the policy was about to lapse and she expressed a desire to keep it in force and to change the beneficiary to the plaintiff, her daughter. Mrs. Herrup paid all premiums due thereafter and sought to get possession of the policy. She and the agent, at her request, asked Mr. Herrup to return it. She consulted her attorney and the office of the insurance commissioner for that purpose. She wrote the company to learn whether the beneficiary could be changed in any other manner. In spite of her efforts, Mr. Herrup refused to give up the policy. On September 28, 1938, Mrs. Herrup executed the company form for a change of beneficiary to the plaintiff and forwarded it to the company together with a statement of the reasons why she could not produce the policy. The company received this notice and is willing to pay the proceeds to the party entitled thereto, Mrs. Herrup having died October 15, 1938. Mr. Herrup died April 2, 1939, after assigning his interest to the defendant Clara Dull.

The general rule is that a change of beneficiary can only be effected by following the mode prescribed by the policy, however clear the intention to make the change may be. Insurance companies usually require, as in this case, that the original policy be surrendered for indorsement. To this rule there is a well recognized exception and a change is effective where the insured has done all in his power to comply therewith but has failed because the policy is beyond his control. Vance, Insurance (2d Ed.) § 148; Richards, Insurance (4th Ed.) 567; 2 May, Insurance (4th Ed.) § 399 O; 7 Cooley, Briefs on Insurance (2d Ed.) 6452 et seq.; 2 Joyce, Insurance (2d Ed.) §§ 746d, 849; 2 Couch,

Insurance, § 322; 37 C. J. 585; 29 Am. Jur., Insurance, § 1317; 36 A. L. R. 771, note. No Connecticut case appears to have passed on this exact point although agreement with the authorities cited is foreshadowed in *Shaw* v. *John Hancock Mutual Life Ins. Co.,* 120 Conn. 633, 640, 182 Atl. 472, and *Allen* v. *Home National Bank,* 120 Conn. 306, 314, 180 Atl. 498. While *Podzunas* v. *Prudential Ins. Co.,* 125 Conn. 581, 7 Atl. (2d) 657, dealt with assignment rather than change of beneficiary, it recognized that equitable considerations will prevail over technical legal principles in such matters. See Am. Jur., supra.

The defendant Clara Dull claims that the provisions of the policy were not waived by the company and that this defeats the plaintiff's right to recover. This is irrelevant where the insurance company brings an action for interpleader, disclaiming any interest in the matter and the original beneficiary retains possession of the policy under the circumstances here disclosed. She stands in the shoes of her assignor and any rights which he may have had, based on the payment of a part of the premiums without any agreement that he was to receive the proceeds of the policy, are of an equitable nature. To enforce them, she must rely on equitable principles. After the separation, Mr. Herrup gave his wife two alternatives. She could either allow the policy to lapse or she could continue to pay the premiums with him as beneficiary, however much she might desire to exercise her reserved right to make a change. The mere statement of these facts shows that the position of Clara Dull is untenable. All of the equities are on the side of the wife. *McDonald* v. *McDonald,* 212 Ala. 137, 102 So. 38, 36 A. L. R. 761. The change of beneficiary was effective. It is unnecessary to discuss her further claim that she has a lien for premiums paid for the sufficient reason that there is no

evidence in respect to the amount or number of premiums paid by Mr. Herrup. *Neary* v. *Metropolitan Life Ins. Co.*, 92 Conn. 488, 491, 103 Atl. 661, relied on by the defendant, is distinguishable in important particulars including the facts that the named beneficiary had no notice of the attempted change, paid all premiums to maturity and was never asked to surrender the policy.

There is no error.

In this opinion the other judges concurred.