AETNA LIFE INSURANCE COMPANY *v.* HARTFORD NATIONAL BANK AND TRUST COMPANY, EXECUTOR AND TRUSTEE (ESTATE OF MABEL E. BOLLERER), ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 8—decided June 23, 1959

*Charles D. Gersten,* with whom were *Jay E. Rubinow* and *William J. Butler,* for the appellants (defendants Pinney et al.).

*William R. Moller,* with whom was *Clifford S. Burdge, Jr.,* for the appellee (named defendant).

BALDWIN, J. The plaintiff brought this action to require the defendant bank, as an executor and the trustee under the will of the late Mabel E. Bollerer of Newington, and the individual defendants, Philomena M. Pinney and Edward A. Siering, to interplead concerning their claims to the proceeds of an insurance policy issued by the plaintiff on the life of the decedent. The court rendered judgment in favor of the defendant bank, and the other defendants have appealed.

The individual defendants assign error in the refusal of the trial court to find twenty-four of the forty-five paragraphs of their draft finding. They assign error in only one paragraph of the finding of facts as made by the court. Presumably, they desire to have the paragraphs of the draft finding substituted for inconsistent paragraphs in the finding. To accomplish this purpose, it is necessary to assign error in the claimed inconsistent paragraphs of the finding. *Gaffney* v. *Pesce,* 144 Conn. 17, 19,

126 A.2d 926; Maltbie, Conn. App. Proc. § 157. Be that as it may, no corrections are warranted which can alter the result.

The facts can be stated in summary: On October 27, 1951, the company issued its policy on the life of Mabel E. Bollerer. The policy provided a life annuity to the insured, commencing at the maturity of the policy thirteen years after its issuance. If the insured died before maturity, benefits became payable to designated beneficiaries. The pertinent parts of a change of beneficiary clause stated that "[t]he beneficiary may be changed as often as desired by filing a written request therefor at the Home Office of the Company accompanied by the policy for endorsement and such change shall take effect as of the date of execution of such request, without prejudice to the Company on account of any payment made by it before receipt of such request, but only if it has been endorsed upon the policy." The policy originally made the insured's mother, Anna K. Bollerer, the primary beneficiary of the instalment payments to be made following the death of the insured before maturity, but if the primary beneficiary did not survive the insured or died before the due date of the final instalment, any unpaid instalments were to be paid to the defendants Pinney and Siering, equally, or to the survivor of them. On September 29, 1954, the insured made a will in which, after she had disposed of her jewelry and household effects, she established a trust of the residuum of her estate for the benefit of her mother for life and thereafter primarily for the benefit of the defendants Pinney and Siering and designated the defendant bank as trustee. The clause creating the trust in effect provided that if the insured's mother predeceased her any proceeds of the policy

would be added to the corpus of the trust. At the time of the making of this will, the insured, through James Kimball, an insurance agent who had handled business matters for her, changed the beneficiary of the policy to make the defendant bank, which was the trustee under her will, the beneficiary. This was accomplished by the insured's signing a form of indorsement provided for the purpose by the plaintiff. The form was forwarded by the plaintiff to Lawton and York, its general agent in New Haven. Kimball procured it from them and secured the insured's signature. The indorsement was returned to Lawton and York, who executed it in behalf of the company, attached it to the policy, and delivered it to Kimball, who returned it to the insured.

About a week after the death of her mother on August 14, 1956, the insured wrote a letter to the plaintiff, addressed to its home office in Hartford, requesting, "effective immediately," a change of beneficiary to the defendants Pinney and Siering, equally. She asked Miss Pinney, who, at that time, was in the insured's home, to mail this letter. Before it was mailed, however, Kimball arrived at the insured's house. The letter was given to him, together with the policy. He notified Lawton and York and they, on August 29, 1956, requested the home office of the plaintiff to prepare and forward the necessary forms. Sometime after September 4, 1956, Kimball received from Lawton and York the form prepared by the home office. Kimball told the insured that it would be necessary for her to sign this form to change the beneficiary to the defendants Pinney and Siering. After a discussion concerning her will and estate plans, the insured decided that she did not want to change the beneficiary under the policy and informed Kimball to that effect. Kimball

returned the form to Lawton and York, who in turn notified the home office of the plaintiff that no change was necessary. During October, 1956, Kimball had other discussions with the insured concerning her plans for the disposition of her estate and, as a result, on October 27, 1956, the policy was converted to a paid-up policy for $28,640. The insured died on December 6, 1956. The trial court concluded that the proceeds of the policy should be paid to the bank as trustee.

As a general rule, a change of beneficiary of an insurance policy can be effected only by following the procedure prescribed by the policy. *Bachrach* v. *Herrup,* 128 Conn. 74, 76, 20 A.2d 395; 2 Appleman, Insurance Law & Practice, § 943; 29 Am. Jur. 988, § 1319. There is a well-recognized exception to this rule—that a change of beneficiary is effective when the insured has done all in his power to comply with the procedure set out in the policy but has failed because of some circumstance beyond his control. *Bachrach* v. *Herrup,* supra, and authorities cited; 2 Appleman, op. cit., p. 388. In *Podzunas* v. *Prudential Ins. Co.,* 125 Conn. 581, 586, 7 A.2d 657, which dealt with the analogous question of assignments, we recognized that there might exist equitable considerations of a character such that they, rather than technical legal principles, should prevail. See 29 Am. Jur. 987 § 1317, 989 § 1320; 2 Appleman, op. cit., §§ 961, 985. Proof of intention alone is not sufficient, but where the intention is manifest and substantial affirmative action has been taken by the insured to effectuate a change of beneficiary the courts generally will make the change effective even though there has not been a strict compliance with the terms of the contract. *Franck* v. *Equitable Life Ins. Co.,* 203 F.2d 473, 477; *Inter-Southern Life Ins.*

*Co.* v. *Cochran,* 259 Ky. 677, 682, 83 S.W.2d 11; 2 Appleman, op. cit., §§ 962, 963; 29 Am. Jur. 989, § 1320. The number of cases on the matter involved here is legion. They are resolved primarily on issues of fact. *O'Connell* v. *Brady,* 136 Conn. 475, 480, 72 A.2d 493; 29 Am. Jur. 989, § 1320; notes, 78 A.L.R. 970, 974, 19 A.L.R.2d 5, 30.

The finding of the trial court that the insured did not want to change the beneficiary and so informed Kimball, who returned the form for a change of beneficiary unsigned to Lawton and York, the plaintiff's agent, removes the present case from the application of the rules heretofore stated. Although the insured, when she wrote the letter to the plaintiff, may have intended to change the beneficiary and have taken affirmative action pursuant to that purpose, she apparently, before she undertook to sign a form to accomplish it, changed her intention. At this point the matter was entirely under her control. She decided, apparently, not to sign the form. If she had done so and Kimball had neglected or failed to send it to the plaintiff, the case would present an entirely different situation. The defendants Pinney and Siering claim that Kimball misinformed the insured concerning the effect of the disposition of the proceeds of the policy she had made in her will. It can be presumed that the insured knew what was in her will, even if Kimball was not fully informed. The court found that after the insured had decided not to execute the form calling for the change of beneficiary she went through the procedure necessary to change the contract from an annuity to a paid-up policy and did not again allude to the matter of changing the beneficiary. The court also found that the insured accepted the analysis of the situation as outlined by Kimball and left

the matter in statu quo. These findings lend further support to the court's conclusion that although the insured had at first intended to make a change of beneficiary, she had not done all that it was within her power to do to make the change effective.

The view we have taken of this appeal makes it unnecessary to discuss the other claims advanced by the individual defendants.

There is no error.

In this opinion the other judges concurred.