**Ruby C. MANN, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE CO. and Estate of Warren E. Mann, Defendants.**

**Civ. B 86–419 (WWE).**

United States District Court, D. Connecticut.

March 22, 1988.

Philip H. Bartels, Greenwich, Conn., for plaintiff Ruby C. Mann.

Edward J. Kelleher, of Marsh, Day & Calhoun, Bridgeport, Conn., for defendant Metropolitan Life Ins. Co.

Burton M. Weinstein, of Weinstein, Weiner & Shapiro, Bridgeport, Conn., for defendant Angelina A. Mann.

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

EGINTON, District Judge.

This is a dispute between the beneficiaries of a life insurance policy which insured the life of Warren Mann. The amount in controversy is $20,000, which, by way of interpleader, the defendant insurance company has deposited with the court. A claim to the money is made by plaintiff Ruby Mann, the first wife of Warren Mann, and Angelina Mann, his second wife and widow. Each wife has moved for summary judgment. Jurisdiction is based on 28 U.S.C. §§ 1332 and 1335.

## I. Facts.

On May 16, 1969, Ruby Mann obtained a judgment of divorce against her husband, Warren Mann. That judgment required that Warren Mann provide life insurance in the amount of $50,000 for the benefit of Ruby Mann. The judgment reads, in pertinent part:

8. The Defendant [Warren Mann] presently has life insurance insuring his own life. The Defendant shall provide life insurance in the amount of $50,000.00 naming the Plaintiff [Ruby Mann] as the primary beneficiary and the minor child the contingent beneficiary and shall pay for said premiums and shall provide satisfactory evidence to the Plaintiff that the same is in force and effect.

Aff. of Ruby C. Mann, ex. A. At the time of the divorce, Warren Mann was employed by F.W. Woolworth Co. and he was insured by a group life insurance policy maintained by defendant Metropolitan Life Insurance Co. ("Metropolitan"). At some later time, Warren Mann was married to his second wife, Angelina Mann. The policy provided for $100,000 in benefits on July 26, 1976 when Warren Mann executed a change of beneficiary form. He provided for two beneficiaries: "Ruby C. Mann age 55 ($50,-000. by Court Decree) ... [and] Angelina A. Mann ... (Balance above $50,000., if any.)." Aff. of Ruby C. Mann, ex. B. Acting on Warren Mann's change of beneficiary form, Metropolitan issued a Group Insurance Certificate effective September 21, 1976, indicating Warren Mann's beneficiaries in the following manner: "½ Angelina A. Mann ½ Ruby C. Mann." Aff. of Ruby C. Mann, ex. C.

Warren Mann retired from F.W. Woolworth Co. on October 1, 1982 after which time he was insured under the same policy in the reduced amount of $60,000. Warren Mann died on March 18, 1986. Ruby Mann claimed $50,000 pursuant to the divorce judgment. Angelina Mann claimed $30,000 on the ground that she was a fifty percent beneficiary under the policy. Of the $60,-000 in death benefits, Metropolitan paid $30,000 to Ruby Mann and $10,000 to Angelina Mann, uncertain as to which beneficiary is entitled to the remaining $20,-000.

Ruby Mann commenced this action against Metropolitan and her former husband's estate, seeking $20,000 under the policy, enforcement of the judgment of divorce, damages under the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat. § 42–110b(a) and the Connecticut Unfair Insurance Practices Act, Conn.Gen.Stat. § 38–60, and attorneys fees. In its counterclaim, Metropolitan instituted an interpleader action against Angelina Mann and moved pursuant to 28 U.S.C. § 1335 to deposit the contested $20,000 with the clerk of the court. This court granted that motion and permitted Angelina Mann to be named as a defendant in the interpleader action. Rules 13 and 22, Fed.R.Civ.P.

Angelina Mann moved for summary judgment, arguing that the complaint against her should be dismissed for lack of jurisdiction. She asserts that because the complaint arises out of a judgment of the Connecticut Superior Court in an action to which she was not party, this court is without jurisdiction to adjudicate her claim to insurance proceeds. Ruby Mann moved

for partial summary judgment on the complaint against the defendant estate and the defendant on the counterclaim, Angelina Mann.

## II. Discussion.

### A. Angelina Mann.

■ Angelina Mann's motion will be denied. The only complaint pending against Angelina Mann is the counterclaim for interpleader by Metropolitan. To the extent that Angelina Mann argues that she is legally entitled to the remaining money under the policy, the court will consider her position. Her motion, predicated as it is on the belief that this court has no jurisdiction over a properly taken interpleader action, is without merit. *See* 3A *Moore's Federal Practice* § 22.15 (2d ed.1987). As an aside, the court notes that Angelina Mann's "counterclaim," filed on December 24, 1986, is more in the way of a cross-claim against the plaintiff. There is no motion pending regarding that pleading.

### B. Ruby Mann.

Ruby Mann's motion for partial summary judgment properly joins the predominant issue in this litigation. She claims that she is entitled to the entire $20,000. The other claimant, Angelina Mann, has filed a memorandum of law in opposition to the plaintiff's motion. The claimants agree that there are no issues of material fact and, indeed, agree as to the facts as set out in this opinion. Therefore, this dispute over the $20,000 is ripe for determination on Ruby Mann's motion. Rule 56, Fed.R. Civ.P.

The claimants also agree that Connecticut law governs their dispute. Ruby Mann relies on *Kulmacz v. New York Life Insurance Co.*, 39 Conn.Supp. 470, 466 A.2d 808 (1983). In *Kulmacz*, the plaintiff's former husband was ordered in a divorce judgment to "maintain 'New York Life Insurance Co. policy No. 23176699 wherein the named beneficiaries are also irrevocable.'" *Id.* at 471–2, 466 A.2d 808. At the time, the plaintiff, wife of the policy owner, was the named beneficiary. After the divorce, the plaintiff's former husband removed the plaintiff as a beneficiary of the policy. Upon his death, the insurer interpleaded the competing claimants to the proceeds of the policy. The named beneficiaries argued that they were rightfully entitled to the proceeds and that the plaintiff's only resort was an action against her former husband's estate for breach of the property settlement agreement which had become part of the divorce judgment.

The court held that the plaintiff was entitled to the proceeds. She had obtained a vested interest in the proceeds as a result of her former husband's promise not to change the beneficiary. That promise was made in the context of a property settlement between the spouses before the divorce judgment entered. *Id.* at 475, 466 A.2d 808.

Angelina Mann argues that the divorce judgment in this action was "non-consentual" [sic] and did not require Warren Mann irrevocably to name Ruby Mann as beneficiary of the Metropolitan policy. While it is true that in *Kulmacz* the vesting of the plaintiff's interest in insurance proceeds depended upon the court's finding that in a property settlement agreement the policy owner received consideration in exchange for a promise not to exercise his right to change the beneficiary, it is not clear that the court expressed its holding as a limit on the ways in which the beneficial interest in insurance proceeds may vest. For example, under Illinois law, a divorce decree operates to vest a named beneficiary's interest in her father's life insurance, notwithstanding that he did not appear to contest the divorce. *See, e.g., Travelers Insurance Co. v. Daniels*, 667 F.2d 572, 575 (7th Cir.1981) ("An agreement between the parties is not necessary to trigger this obligation or to enable a court to fashion a divorce decree that ensures child support."). This holding is based upon considerations of manifest fairness expressed in the maxim "equity regards as done what ought to be done." *See Couch on Insurance 2d* § 63.370 at 91 (1967). There is, of course, no reason why this principle should obtain only in situations where the insured has participated in a settlement agreement,

but not where the property division is fashioned by the court.

 The court can find no Connecticut authority which considers this issue. There is, however, no need to make what seems to be an easy prediction that a Connecticut court would find for Ruby Mann on the basis that the judgment of divorce constrained Warren Mann from changing the beneficiary on the Metropolitan policy in a way which defeated her interest. The parties submit copies of the change of beneficiary form executed by Warren Mann after his divorce. It clearly indicates his intent to name Ruby Mann as beneficiary up to $50,000 and Angelina Mann as beneficiary of whatever amount is left, "if any." There is no explanation for why Metropolitan named the two women as fifty percent beneficiaries. Metropolitan at one point states that the insured is required to name beneficiary allocations in percentage terms. There is no evidence that this is the case.

Even if Metropolitan were able to show that Warren Mann was required to apportion the beneficial interest in his policy by fractions rather than dollar amounts, his executed form substantially complies with such a requirement.

> Proof of intention alone is not sufficient, but where the intention is manifest and substantial affirmative action has been taken by the insured to effectuate a change of beneficiary the courts generally will make the change effective even though there has not been a strict compliance with the terms of the contract.

*Kulmacz, supra* 39 Conn.Supp. at 474, 466 A.2d 808 (quoting *Aetna Life Insurance Co. v. Hartford National Bank & Trust Co.,* 146 Conn. 537, 541, 153 A.2d 448 (1959)); 44 Am.Jur.2d *Insurance* §§ 1753–1754 (2d ed.1982).

### III. Conclusion.

For these reasons, the court DENIES Angelina Mann's motion and GRANTS Ruby Mann's motion for partial summary judgment to the extent that the court finds Ruby Mann is entitled to the $20,000 in proceeds paid into the court by Metropolitan. SO ORDERED.