[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the executor of the estate of Ella Ryder, deceased. He has brought suit against the defendant claiming breach of contract, breach of good faith and fair dealing, and violations of CUTPA and CUIPA.
FACTS CT Page 11152
The facts giving rise to this suit are not in dispute. In 1961, Ella Ryder purchase policy #1020625 from the defendant insuring her own life for $100,000. Her husband Ralph Ryder was listed as owner of the policy and primary beneficiary. Her nephew, Philip Zink, was named as contingent beneficiary.
Upon Mr. Ryder's death in 1973, Mrs. Ryder as Executrix of his estate, became owner of the policy. As the owner, she had the authority to change the beneficiary. This she attempted to do on two occasions, in 1976 through her agent and in 1978 she wrote herself. These attempts were unsuccessful, apparently because the defendant had no way of finding the policy in question without the policy number and she had been unsuccessful in locating the policy itself.
Finally, in 1979, Mrs. Ryder obtained the policy number from a payment of premium receipt, and her attorney, Mr. Engelman sent a letter to the defendant changing the beneficiary from Mr. Zink to the executor of her estate.
This letter was placed in the policy file but the defendant did not "record" the requested change. Instead, it sent to Mr. Engelman its own change of beneficiary form. Mr. Engelman sent this form to Mrs. Ryder but it was never returned to him nor received by the company. Nor is it known if Mrs. Ryder received it as Mr. Engelman made no inquiry of her.
Mrs. Ryder died on July 2, 1990 and Mr. Engelman was appointed Executor of her estate. Up to time of her death, she had made the premium payments on the policy. When the plaintiff notified the defendant of Mrs. Ryder's death, the appropriate claim forms were provided to him. Subsequently, however, the defendant advised the plaintiff that Mrs. Ryder did not have the authority to change the beneficiary because she was not the policy's owner. (This position was abandoned at trial).
In June 1992, the defendant formally denied the plaintiff's claim for the policy proceeds and refused to commence an interpleader action. Instead, it sought out the beneficiary whom Mrs. Ryder sought to replace, sent him claim forms and proceeded to pay the proceeds over to him. As a result of this act, the plaintiff brought suit in August 1992.
I CT Page 11153
The primary issue in this case is whether the insured, Mrs. Ryder, changed the beneficiary in 1979. If she did, the defendant would be liable for making a payment to the wrong party.
An examination of the cases involving insurance companies and change of beneficiary controversies indicates a distinct split in how various state courts address the problem.
Many states take the position that where the insured has clearly intended to change a beneficiary and written notice has been given to the insurer, effect will be given to the change even though the insured has not complied with all of the formalities required in the contract, provided the failure was excusable under the circumstances. Dyer v. Gallagher, 203 F.2d 477, (6th Cir., 1953); State Employees Retirement System v. Taylor, 476 N.E.2d 749
(Ill.App. 1985).
That, however, is not the prevailing view in the few Connecticut cases which pertain to this subject. In Aetna Life Ins. Co. v. Hartford National Bank Trust Co., 146 Conn. 537
(1959), the court discusses this question at 541:
 "As a general rule, a change of beneficiary of an insurance policy can be effected only by following the procedure prescribed by the policy. Bachrach v. Herrup, 128 Conn. 74, 76, 20 A.2d 395; 2 Appleman, Insurance Law Practice, 943; 29 Am. Jr. 988, 1319. There is a well-recognized exception to this rule — that a change of beneficiary is effective when the insured has done all in his power to comply with the procedure set out in the policy but has failed because of some circumstance beyond his control. Bachrach v. Herrup, supra, and authorities cited; 2 Appleman, op. cit., p. 388. In Podzunas v. Prudential Ins. Co., 125 Conn. 581, 586, 7 A.2d 657, which dealt with the analogous question of assignments, we recognized that there might exist equitable considerations of a character such that they, rather than technical legal principles, should prevail. See 29 Am. Jur. 987 1317, 989 1320; 2 Appleman, op. cit., 961, 985. (Citations omitted). Emphasis ours.
CT Page 11154
The "well recognized exception" recited above is what presents the plaintiff's major hurdle to prevailing in this case.
The insured had her attorney, Mr. Engelman, send a letter to the insurer notifying it of the desired change. This was in 1979. When the defendant-insurer responded, it requested that its form be signed and returned. Mr. Engelman testified that he sent the form to Mrs. Ryder and did nothing further to respond to the defendant's request. When Mrs. Ryder died in 1990, he learned that the company's form was never signed by Mrs. Ryder. In fact, he could not even be sure she received the form from him.
Under these circumstance, it cannot be said that "the insured has done all in her power to comply with the procedure set out in the policy. . ." Mr. Engelman was acting on behalf of the insured, Mrs. Ryder. His failure to follow up on the receipt, signing, and forwarding of the form to the defendant is her failure. There was no unreasonable burden imposed on the insured and the court cannot conclude that the failure to comply was due to circumstances beyond her control.
The court is reluctant to reach this conclusion because the evidence indicates Mrs. Ryder's intent was clear. However, in light of the language of our Supreme Court, set forth above, the court sees no other result possible.
The change of beneficiary was not accomplished in 1979 and the subsequent payment to Mr. Zink was proper. Consequently, there was no breach of contract on the part of the defendant and no CUTPA or CUIPA violations can be found.
 II
In the interest of judicial economy should an appeal be taken from this decision, the defendant's special defense will be treated with in this decision.
The defendant has asserted the defense of the statute of limitations as to the plaintiff's breach of contract claim. The statute of limitations for a breach of contract is six years. (Section 52-576(a) of the Conn. General Statutes). The defendant argues that if it indeed did commit such a breach, the breach occurred in 1979 when it refused to change the beneficiary as requested in the letter signed by Mrs. Ryder. CT Page 11155
This position is somewhat puzzling in light of the testimony elicited from the employees of the defendant.
For example, Sandra Therrien, a customer service representative, felt the defendant was in error when it sent a change of beneficiary form to Mr. Engelman for Mrs. Ryder signature. She was of the opinion that Mrs. Ryder had not been proven to be the owner of the policy. The defendant had not yet received a proof of death for Mr. Ryder and notice of the appointment of an executor of his estate. No transfer had been made on the books of the defendant.
Donna Hiltpold, a claims processor, stated that the claim from was first opened in July of 1990 and the claim was not paid because of the conflict over the beneficiary designation.
Finally, Raymond Millan of the defendant's legal department indicated that this dispute over the change of beneficiary referred to him for a determination and it was his decision to the proceeds to Mr. Zink, thereby disregarding the 1979 letter from Mrs. Ryder in which she sought to remove Mr. Zink from the policy as a beneficiary.
It therefore appears obvious that though the defendant received the 1979 letter from Mrs. Ryder and soon thereafter requested its own form be used, no final decision was made as the change requested until 1992.
Whether the alleged breach occurred with Mr. Millan's letter of June 26, 1992 denying the claim or with the subsequent payment to Mr. Zink is immaterial since the suit was commenced in August 1992.
The court rejects the defendant's defense and finds the statute of limitations is not a bar to the breach of contract claim.
CONCLUSION
Judgment may enter for the defendant on all counts.
Anthony V. DeMayo, Judge CT Page 11156