21-354-cv
Pagan v. Jackson Nat. Life Ins. Co. v. Osorio

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of November, two thousand twenty one.

Present:      ROSEMARY S. POOLER,
RICHARD C. WESLEY,
JOSEPH F. BIANCO,
              *Circuit Judges*.

_____

EMELIN PAGAN,

   *Defendant-Counter-Claimant-Counter-Defendant-Cross-Defendant-Appellant*,

   v.              21-354-cv

JACKSON NATIONAL LIFE INSURANCE COMPANY,

   *Plaintiff-Counter-Defendant-Appellee*,

   v.

MAYRA OSORIO, AKA MAYRA LOZADA,

   *Defendant-Counter-Defendant-Cross-Claimant-Cross-Defendant-Appellee*,

TARA OSORIO,

*Defendant-Counter-Defendant-Cross-Defendant-Appellee.*[1]

_____

Appearing for Appellant:              C. Thomas Furniss, Hartford, CT.

Appearing for Appellee Mayra Osorio:     James Brewer, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Emelin Pagan appeals from the February 9, 2021 judgment of the United States District Court for the District of Connecticut (Arterton, *J.*) concluding, after a one-day bench trial, that Mayra Lozada and her daughter Tara Osorio were the beneficiaries of the late Adalberto Osorio's life insurance policy. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"In reviewing the decision of a district court following a bench trial, we review findings of fact for clear error and conclusions of law *de novo*." *O'Mara v. Town of Wappinger*, 485 F.3d 693, 697 (2d Cir. 2007). A district court's factual findings "must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6). Where "the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985).

At issue is whether Adalberto Osorio legally changed the beneficiaries of his life insurance policy from Mayra Lozada (his ex-wife) and Tara Osorio (their eldest daughter) to Emelin Pagan (Adalberto's second wife) and Natalie Osorio (Adalberto and Mayra's younger daughter). The "general rule" under Connecticut law is that "a change of beneficiary can only be effected by following the mode prescribed by the policy[.]" *Bachrach v. Herrup*, 20 A.2d 395, 396 (Conn. 1941). But under Connecticut's substantial compliance doctrine—a "narrow exception" to the general rule—a policyholder who does not strictly comply with a policy's requirements is deemed to have changed beneficiaries if he (1) "clearly intended to change the beneficiary and to designate the new beneficiary" and (2) took "substantial affirmative action to effectuate the change in the beneficiary." *Engelman v. Conn. Gen. Life Ins. Co.*, 690 A.2d 882, 887, 888 (Conn. 1997). A policyholder who abandons an intention to change the beneficiary cannot rely on the substantial compliance doctrine. *Id.* at 887 n.9; *Aetna Life Ins. Co. v. Hartford Nat. Bank & Trust Co.*, 153 A.2d 448, 450-51 (Conn. 1959).

---

[1] The Clerk of the Court is directed to amend the caption as above.

The district court concluded that, even assuming Adalberto "initially intended to change the beneficiary of his life insurance policy, his subsequent actions indicate that he abandoned that intention and instead sought to preserve the original beneficiaries." *Jackson Nat. Life Ins. Co. v. Pagan*, 2021 WL 423737, at *3 (D. Conn. Feb. 8, 2021). The district court relied on trial testimony demonstrating that, among other things, Adalberto never sought to correct the deficiencies in the Change of Beneficiary Form he submitted to Jackson National and, at the end of his life, told Natalie that the policy remained in her mother's and sister's names. *Id.* Bearing in mind our obligation to "give due regard to the trial court's opportunity to judge the witnesses' credibility," Fed. R. Civ. P. 52(a)(6), we decline Pagan's invitation to reject Natalie's testimony as subjective, self-serving, and inherently unreliable. The district court correctly applied Connecticut law, and its account of the evidence is "plausible in light of the record viewed in its entirety[.]" *Bessemer City*, 470 U.S. at 574. We therefore affirm that Mayra Lozada and Tara Osorio are the proper beneficiaries of the disputed life insurance policy.

We have considered all of Pagan's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk